In the Matter of the Application of ABE LEVINE, as Director, Stockholder and Treasurer, Petitioner, against OSCAR LENDING, as President and/or Secretary of the Lending Passementerie Co., Inc., Respondent.

Supreme Court, Special Term  New York County  March 3, 1941.

*Nathan Greenberg*, for the petitioner.

*Morris D. Forkosch*, for the respondent.

EDER, J. This is an application under article 78 of the Civil Practice Act to permit the applicant, who claims to be a stockholder, director and officer of a corporation, to inspect all the books and records of the corporation and to make abstracts from its books and records. A preliminary objection is made that the application has not been instituted as prescribed by said article 78 and there is a cross-motion to dismiss the application.

For the reasons presently given I am of the opinion that the preliminary objection must be sustained and the motion to dismiss granted.

The application herein was instituted upon an affidavit of the applicant upon which a rule to show cause issued. The statute specifically and explicitly prescribes the mode of procedure and it must be followed. An application of this nature is a special proceeding; it is not an action; a civil action is commenced by the

service of a summons (Civ. Prac. Act, § 218); a special proceeding is commenced by the service of an order to show cause. (Civ. Prac. Act, § 1289.) " Every prosecution by a party against another party in a court of justice which is not an action is a special proceeding." (Gen. Constr. Law, § 46-a.) All special proceedings must be litigated on pleadings; the procedure is made to conform to that in an action with the exception that the pleadings may be accompanied by affidavits and other written proof and that the answer may not contain a counterclaim. (Civ. Prac. Act, §§ 1288, 1291, 1292.) In place of a summons, service is effected and jurisdiction obtained by service of an order to show cause. (Civ. Prac. Act, § 1289.) But pleadings are indispensably required. Thus section 1288 of the act provides: " The application for relief shall be founded upon a petition, verified as in an action, which shall contain a plain and concise statement of the material facts on which the petitioner relies * * * and shall demand the relief to which the petitioner supposes himself entitled, in the alternative or otherwise." As to the answer, section 1291 of the act requires the answer to be verified and " The answer must contain proper denials and statements of new matter, as in an action, and must set forth such facts as may be pertinent and material to show the grounds of action taken by the respondent which is complained of * * *." The petitioner may serve a reply " as in an action." (§ 1292.)

In the instant case such procedure has not been followed. What the applicant did here is to present merely an affidavit and obtain an order to show cause thereon; the net effect of this is that instead of commencing a special proceeding he has brought on what in legal effect is nothing more than a mere practice motion. Applicant concedes that the procedure expressly required by the statute has not been followed; he terms it a technical departure or omission, but maintains that it is in the nature of a mere irregularity subject to correction under the provisions of section 1294 of the act, which is entitled " Correction of defects in papers " and reads as follows: " Either party may request the court to correct any omissions or defects in the papers or to strike out any parts of the same upon the ground that they are not relevant or material to the issues or that they are redundant or scandalous." This provision plainly contemplates and relates to trivial or inconsequential defects which are amendable, but does not contemplate or relate to those which are of a basic character, like jurisdictional or mandatory prerequisites in the nature of conditions precedent to the right to institute the proceeding or acquire jurisdiction; a failure to conform here is a matter of substance and has nothing to do with the correction of defects in the papers.

To agree with applicant's construction would be equivalent to saying that where service of a summons was a prerequisite to the commencement of an action, service of an order to show cause can do as a substitute; the mandatory requirement that pleadings be served is obvious. In special proceedings under statutes, and in general, the long-established practice has required petition, answer and reply, and codification thereof is the legislative approval that for the proper adjudication of the rights and status of parties, pleadings and a distinct issue are essential and that there can be no orderly administration of justice without them.

The failure to comply with the statutory requirements necessitates dismissal of this application, and it is so ordered.