In the Matter of the Application of JANE CREAN, Petitioner, against HENRY E. BRUCKMAN and Others, Respondents.

Supreme Court, Special Term, New York County, February 25, 1942.

*Maxwell G. Cutler*, for the petitioner.

*Francis V. McHugh*, for the respondents.

EDER, J. Application under subdivision 4 of section 121 of the Alcoholic Beverage Control Law.

This is a proceeding pursuant to article 78 of the Civil Practice Act, for a final order annulling the respondents' order made on January 28, 1942, suspending the petitioner's restaurant liquor license, and for such other and further relief as may be proper.

The application is founded on petition, upon which the order to show cause issued herein. No answer to the petition has been filed; only an affidavit of respondents' counsel has been submitted in opposition, which affidavit raises questions of law. If the affidavit was intended for any other purpose, as to raise triable issues, it is insufficient; the proper practice under article 78 of the Civil Practice Act requires the employment of formal pleadings and not affidavits. (*Matter of Levine* v. *Lending*, 176 Misc. 462.)

While the use of an affidavit would appear permissible under section 119 of the Civil Practice Act, this provision, enacted in 1924, has been supplanted by the later legislation (Laws of 1937, chap. 526) embodying a complete and comprehensive scheme of practice and procedure in special proceedings, as it is outlined in article 78 of the Civil Practice Act.

The petitioner is the holder of a restaurant liquor license issued to her pursuant to section 64 of the Alcoholic Beverage Control Law, for the annual period expiring February 28, 1942. It appears that on December 2, 1941, the petitioner's bartender was arrested, charged with a violation of section 982 of the Penal Law, permitting gambling on the licensed premises through the use of a pin-ball machine. There was a hearing before a city magistrate on December 18, 1941, and the bartender was discharged. On January 15, 1942, the respondents, constituting the New York State Liquor Authority, instituted revocation proceedings against the petitioner,

as the licensee, by a notice of hearing stating that she had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that she suffered or permitted gambling on the licensed premises resulting in the mentioned arrest.

Pursuant to this notice a hearing was held before Deputy Commissioner Campbell, the petitioner being represented by her husband. At this hearing he was advised that he had the right to cross-examine the witnesses who testified in support of the charges and had the right to swear witnesses in petitioner's behalf and to testify in her behalf in connection with said proceeding. Petitioner's husband did testify at this hearing and was permitted to state what the bartender had told him relative to the alleged pay-off on the pin ball machine. The hearing commissioner recommended that the petitioner's license be suspended for a period of five days. The evidence adduced at this revocation hearing and the recommendation of Deputy Commissioner Campbell were considered and appraised by the State Liquor Authority at a meeting held on January 28, 1942; said Authority found that petitioner had violated said subdivision 6 of section 106 of the Alcoholic Beverage Control Law and ordered the petitioner's license suspended for said period and an order to this effect, dated January 28, 1942, was served on the petitioner.

Thereafter, by a letter dated February 6, 1942, written by petitioner's attorney, a request was made for an opportunity pursuant to the rules of procedure of the Authority to produce the " additional " testimony of two witnesses, namely, the bartender who was arrested, and the customer who received a pay-off, which the police officer allegedly observed, and a transcript of the minutes of the hearing in the Magistrate's Court. This letter was answered by letter of the same date advising that the Alcoholic Beverage Control Law does not authorize the Authority to rehear revocation proceedings upon an application of a licensee.

It is the contention of the petitioner upon this application that the refusal by the respondents to hear the testimony of the petitioner's said witnesses was arbitrary, capricious, unreasonable and a deprivation of the right given to her by section 119 of the Alcoholic Beverage Control Law to be heard.

An additional ground urged is that none of the respondents read or heard all or any of the testimony taken at the hearing held before Deputy Commissioner Campbell, and that all of them in making the determination acted upon the recommendation of the deputy commissioner and not upon their reading of the record, and that, therefore, the determination of the respondents suspending the petitioner's license is invalid.

Section 1293 of the Civil Practice Act provides that in a proceeding under article 78, objections on points of law warranting the dismissal of the petition may be raised by the respondents by setting the objection forth in the answer or by applying for an order for dismissal by serving a notice of intention to apply for such relief. As no answer has been served raising the objections, although they are raised in the opposing affidavit, the affidavit will be treated as in the nature of a cross-motion for such relief.

I am of the opinion that the proceeding may not be dismissed in its entirety but that dismissal must be confined to the first ground advanced, viz., that the respondents erred in refusing to hear the additional testimony of petitioner's said two witnesses.

Section 119 of the Alcoholic Beverage Control Law does not require or authorize the Liquor Authority to hear additional proof after decision has been rendered, or to grant a new trial; said provision relates to and deals with the original proceedings for revocation or cancellation of the license and provides for notice and hearing pursuant to rules as prescribed by the Liquor Authority; this provision was no doubt inserted to comply with the constitutional requisites of notice and hearing. The Liquor Authority promulgated rules of procedure in connection with revocation proceedings, pursuant to this provision, and the relevant rules as respects this matter are subdivision (c) of rule 8 and rule 13. Subdivision (c) of rule 8 reads as follows: " Upon due application to the hearing commissioner *prior* to the determination of the Authority, the hearing may, in the discretion of the commissioner, be *reopened* for the presentation of *new* and *additional* evidence. Such application must set forth concisely the nature of this additional evidence. The Authority may, on its own motion, reopen a hearing for the presentation of additional evidence." (Italics mine.)

Rule 13, entitled " Rehearings," provides: " The Alcoholic Beverage Control Law makes no provision for the rehearing of any revocation hearing and the Authority will not entertain any application for rehearing. *After the determination of the Authority*, no application for *reconsideration* will be entertained by the Authority except an application based upon the ground of newly-discovered evidence material and relevant to the violations or causes involved in the charges." (Italics mine.)

The petitioner appears to contend that the adoption of these rules is violative of section 119 of the Alcoholic Beverage Control Law, as depriving a licensee of the right to be heard, that it is arbitrary in nature and hence invalid. I do not agree with this view. I am of the opinion that they are reasonable and valid.

The application to reopen the proceeding was properly denied

by the Authority, first, because it was not made *prior* to the determination of the Authority, and second, because the evidence sought to be presented was not newly discovered. The petitioner was aware of the existence of these witnesses and advised at the hearing of the right to call witnesses, and did not do so. Indeed, the ground advanced by the petitioner to the Authority for reopening the proceedings was, to quote from the letter of her attorney, that " she and her husband, who manages the premises for her, *mistakenly assumed* that the disposition of the matter would follow that of the Magistrate's Court," and such is the allegation in the petition.

There is no more warrant to reopen the proceeding or to grant a new trial in this type of proceeding, on this ground, than for doing so in a judicial tribunal, and the refusal to do so by the respondents, functioning as a quasi-judicial body, can no more be justifiably characterized as arbitrary, capricious and unreasonable and as a violation of law, than if the same ruling was made by a judicial tribunal. The contention is devoid of merit, and to this extent this ground, which may be likened to a first cause of action, is dismissed.

As to the second ground advanced by petitioner, and which may be viewed as in effect pleading a second cause of action, namely, that none of the respondents read or heard all or any of the testimony taken before the hearing commissioner and that in making their decision they all acted upon the recommendation of the deputy commissioner and not upon their reading of the record, I think that this is a sufficient ground to sustain the petition against dismissal under the ruling in *Matter of Joyce* v. *Bruckman* (257 App. Div. 795; appeal dismissed, 284 N. Y. 736), which appears to sustain the contention that a determination made under such circumstances is invalid. It may be that though having failed to procure dismissal in toto on the legal objections interposed, respondents none the less desire to serve an answer joining issue on the merits. Section 1293 of the Civil Practice Act authorizes this court, where dismissal of the petition is denied on objections made in point of law, to permit the respondents to answer, and such leave to serve an answer is granted to the respondents. Stay continued. Settle order.