In the Matter of FRANK J. FITZGERALD et al., Petitioners, against J. EDWARD CONWAY et al., Constituting the Department of Civil Service of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, April 26, 1948.

*Nathaniel L. Goldstein, Attorney-General (Edward L. Ryan of counsel), for respondents.*

*Samuel Resnicoff for petitioners.*

*Samuel Di Pasquale, amicus curiæ.*

BOOKSTEIN, J. This proceeding, brought pursuant to article 78 of the Civil Practice Act, involves two open competitive examinations conducted by the Civil Service Commission for the positions of State Veteran Counselor and Senior State Veteran Counselor in the Division of Veterans Affairs of the State of New York.

The petition itself has no prayer for any specific relief. The relief sought can only be ascertained by resorting to the order to show cause issued thereon.

Respondents have made several motions in the alternative directed to the petition.

In view of the conclusion, however, which this court has reached upon the motion, to dismiss the petition for insufficiency, it is unnecessary to consider or determine the alternative motions made.

Respondents have moved to dismiss the petition on the ground that it does not state facts sufficient to entitle the petitioners to the relief sought, in that it fails to allege that any rights of the petitioners, or any of them, have been denied, impaired or jeopardized by the alleged acts complained of in the petition

and in that the petition fails to demand the relief to which the petitioners suppose themselves to be entitled.

As already pointed out, the petition does not contain any prayer for specific relief, the relief sought, being set forth in the order to show cause. Assuming, without deciding, that if the petition and order to show cause read together, comply with the requirement for a demand for the relief to which petitioners suppose themselves to be entitled, the petition nevertheless fails to state facts sufficient to warrant the institution of this proceeding or the granting of any relief.

For the purpose of a motion to dismiss for insufficiency all of the allegations of the petition are deemed to be true. Assuming their truth, there is no allegation in the petition of any kind, nature or character, showing the relation of the petitioners to, or in what manner they are affected by, the acts complained of, so as to entitle them to any relief, even if it were to be assumed that the acts complained of were illegal. In order for a person to institute and maintain a proceeding such as this, it is essential for the petition to show that the petitioner is injured in some respect by the acts complained of. This, the petition wholly fails to do. The petition fails to allege that any rights of petitioners, or any of them, have been denied, impaired or jeopardized by the alleged acts of respondents. The petition does not state whether the petitioners or any of them took the examination or, if they did so, whether they failed or passed. It does not allege whether any of them were denied the right to participate in the examinations or either of them. It does not state whether the alleged acts of the respondents in any way affected their positions on the eligible lists if they passed the examinations, or contributed to their failure to pass, if such is the case. Without some allegation or allegations of such a nature, the petition does not state facts sufficient to constitute any grounds for relief to the petitioners.

After this matter was argued orally and submitted for determination and, while the court was awaiting the briefs from the respective parties, and after the brief on behalf of the respondents had been served in which the defects referred to in the petition were brought to the attention of the court, petitioners, without asking or obtaining the permission of this court, filed with the court an affidavit of the petitioner Fitzgerald, verified April 8, 1948, which attempted to supply some of the omissions, in the petition, referred to. The filing of this affidavit is a tacit admission of the correctness of the contention of the

respondents with respect to their motion directed to the dismissal for insufficiency.

Petitioners contend that the matters contained in the supplemental aforesaid affidavit may be considered in like manner as if the allegations and statements contained therein were contained in the petition. That contention is based upon section 1288 of the Civil Practice Act, which reads, as follows: " The application for relief shall be founded upon a petition, verified as in an action, which shall contain a plain and concise statement of the material facts on which the petitioner relies, *may be accompanied by affidavits and other written proof,* and shall demand the relief to which the petitioner supposes himself entitled, in the alternative or otherwise."

The affidavits and other written proof thus referred to relate to affidavits of probative value supporting some allegation or allegations in the petition. Such an affidavit is not a substitute for the petition. The affidavit contemplated by section 1288 of the Civil Practice Act does not supplant the petition but merely supplements it. Indeed, if a proceeding such as this is instituted on an affidavit, without a petition, the defect is jurisdictional. (*Matter of Levine* v. *Lending,* 176 Misc. 462. See, also, *Matter of Crean* v. *Bruckman,* 178 Misc. 231.) Here the defect is in pleading, which is not cured by the affidavit.

In *McKinnon* v. *Delaney* (27 N. Y. S. 2d 713, 715) the court said: " The petition fails to show that petitioners who are presently employed are injured in any respect by the Wicks Law."

There, although the petition alleged that the petitioners were affected in their seniority and promotion rights by the Wicks Law (L. 1939, ch. 927), the petition was dismissed because the court held that such rights were not affected by the Wicks Law and accordingly there was no allegation remaining showing any injury to the petitioners. In the instant case, the petition will be searched in vain for any allegation showing any connection between the petitioners and the acts complained of or any injury of any kind to the petitioners by reason of the acts complained of. While the affidavit subsequently filed, might have been used in support of an appropriate allegation or allegations in the petition, it cannot supply the lack of such allegations in the petition. A simple test, it seems to this court, will suffice to demonstrate the correctness of the view thus expressed.

Were the respondents required to serve an answer, the answer would have to comply with the requirements of section

1291 of the Civil Practice Act. The answer must contain proper denials of allegations in the petition and any available statement of new matter, as in an action. Respondents are not required to direct their answer to an affidavit containing statements, which are wholly lacking in the petition, directly or by reference. Thus, if the respondents served an answer which complied with section 1291 of the Civil Practice Act, they might find themselves in the position of there being no denial therein of the averments in the affidavit, with the consequent contention on the part of the petitioners that such averments were thereby admitted, a result brought about by improper pleading on the part of the petitioners and proper pleading on the part of the respondents. It seems to this court that a mere statement of such a result is ample demonstration of the defective nature of the petition in this proceeding.

The motion of the respondents to dismiss the petition on the ground that it fails to state facts sufficient to constitute grounds for this proceeding is granted, with costs.

Submit order.