Samuel H. Hofstadter, J.
This is a motion wherein plaintiff seeks to compel the defendant, the Superintendent of Insurance of the State of New York, to certify nominating petitions or certificates filed by the plaintiff and others in the superintendent’s office on December 10, 1956, in connection with the annual election of the board of directors of the United Mutual Life Insurance Company to be held on the 10th day of May, 1957. The petitions or certificates were filed under the title of “ Independent Policyholder’s Ticket ”.
Several objections have been raised by defendant and also by the intervening insurance company which are legally and factually sound and warrant denial of this application. It is evident from the papers presented that the nominations filed on December 10, 1956 by plaintiff failed to comply with the requirement of subdivision 8 of section 198 of the Insurance Law. Subdivision 8 of section 198 prescribes that nominating petitions must be “ signed and acknowledged by each of such policyholders ”. The last sentence of subdivision 1 of section 198 of the Insurance Law states: ‘1 Within the meaning of this section the term 1 acknowledged ’, when used in reference to any *513 instrument or signature, shall have the same meaning which it has in reference to conveyances of real property eligible for recording under section two hundred ninety-one of the real property law ”. The pertinent part of section 291 reads as follows: “ A conveyance of real property within the state, on being duly acknowledged by the person executing. the same? or proved as required by this chapter (Italics mine.) This section indicates two methods used in a conveyance: the first by acknowledgment, the second by proof by a witness. However, subdivision 8 of section 198 of the Insurance Law provides that in case of nominations, only a certificate signed and “ acknowledged by each of such policyholders ” must be used and not the subscribing witness method. By section 292 of the Real Property Law, the difference between the two methods is distinctly drawn by the language of that statute which states: “ By whom conveyance must be acknowledged or proved. Except as otherwise provided by this article, such acknowledgment can be made only by the person who executed the conveyance, and such proof can be made only by some other person, who was a witness to its execution, and at the same time subscribed his name to the conveyance as a witness ”. In the situation here presented, only 32 of the 160 signatures in the nominating petitions or certificates were acknowledged by policyholders. The remaining signatures were attempted to be 11 proved” by witnesses. This alternative method was not proper nor authorized under the statutes aforecited (cf. 1911 Atty. Gen. 651; 1914 Atty. Gen. 181). Accordingly ■ the Superintendent of Insurance properly excluded the signatures of those nominators who failed personally to acknowledge their signatures. Moreover the nominators not only failed to file at least five months before the election (by Dec. 10, 1956) nominating petitions signed and acknowledged by at least 100 policyholders, but they failed to file a copy thereof ‘ ‘ certified by the superintendent ’ ’, as required by subdivision 8 of section 198 of the Insurance Law. Manifestly the nominators can no longer comply with the requirement that they file the copy ‘ ‘ certified by the superintendent ” by December 10, 1956. The time requirements of the statute cannot be waived or modified (Campbell v. Holz, N. Y. L. J., June 21, 1955, p. 5, col. 4).
The court has preferred to dispose of the application on the merits, rather than on the procedural defect in instituting the proceeding by affidavit, instead of petition. (See Matter of Levine v. Lending, 176 Misc. 462.) The proceeding is accordingly dismissed.