Bernard S. Meyer, J.
In a proceeding begun by order to show cause accompanied only by an affidavit, deponent Henderson, alleging that he is a member of a union, seeks an order directing respondents to produce for his inspection books and records of the union. The application is purportedly made under subdivision c of section 201 of the Labor-Management Reporting and Disclosure Act of 1959 (U. S. Code, tit. 29, § 431, subd. c), which provides: “Every labor organization required to submit a report under this subchapter shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report. The court in such action may, in its discretion, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.”
*335 Respondents, appearing specially, move to set aside service on the ground that the process is insufficient. Respondents’ motion is denied, and they are directed to serve an answer within the time allowed by subdivision 5 of section 237-a of the Civil Practice Act.
The use of the words “ suit,” 11 judgment,” “ plaintiff ” and “ defendant” in the statute does not determine the form of proceeding to be brought. Notwithstanding that the right to be enforced is governed substantively by Federal law, matters of pleading and procedure are determined by State law. (Simmons v. Rudolph Knitting Mills, 264 App. Div. 871; see Riley v. Agwilines, 296 N. Y. 402, 406.) New York adjective law no longer recognizes a 1 ‘ suit ’ ’ as such, but has divided matters brought before its courts into 1 ‘ actions ’ ’ and ‘‘ special proceedings ” (Civ. Prac. Act, §§ 4, 5; General Construction Law, §§ 11-a, 46-a). As the Senate debates indicate (105 Cong. Rec. 6515 [April 23, 1959]), the right to inspect books given by the Labor-Management Reporting and Disclosure Act of 1959 is closely akin to the right given a stockholder to inspect corporate books. Mandamus is the procedure whereby the right to inspect corporate books for a proper purpose is enforced. (22 CarmodyWait, New York Practice, p. 309.), That respondent union is an unincorporated association does not proscribe use of mandamus to enforce the statutory duty enjoined by the act (Civ. Prac. Act, § 1296, subd. 1). An article 78 proceeding is, therefore, the method by which rights under the act are to be enforced in New York.
It follows that it was not necessary to serve a summons and complaint in order to enforce petitioner’s rights under the act. Only those documents necessary to commence an article 78 proceeding were required. While section 1288 of the Civil Practice Act requires that “ The application for relief shall be founded upon a petition, verified as in an action ”; section 119 of the Civil Practice Act provides that “ any proceeding which is required * * * to be instituted by petition may be instituted by an affidavit setting forth the matter which it is required that the petition shall contain, accompanying a notice of an application for the relief which properly would be prayed for in the petition subdivision 3 of section 7 of the Civil Practice Act defines the word ‘1 affidavit ’ ’ to include 11 a verified petition or answer in a special proceeding section 2 of the Civil Practice Act provides that the Civil Practice Act is to be liberally construed; and section 105 of the Civil Practice Act provides that “ if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disre *336 garded.” In view of the latter provisions, the court holds that the use of an affidavit rather than a verified petition is an irregularity, rather than a jurisdictional defect, and must be disregarded. The court is aware of the holding to the contrary (Matter of Crean v. Bruckman, 178 Misc. 231; see, also, Matter of Fitzgerald v. Conway, 191 Misc. 1048; Matter of Levine v. Lending, 176 Misc. 462). The basis of Matter of Crean holding on this point was, however, the implied repeal of section 119 of the Civil Practice Act with respect to article 78 proceedings by reason of the later enactment of article 78. Examination of the Judicial Council’s study upon which the enactment of article 78 was based (Third Annual Report of N. Y. Judicial Council, 1937, p. 129) reveals no support for the premise, however. No mention is made in the study of section 119 of the Civil Practice Act, but it is clear that one of the major purposes of the revision was consolidation and simplification of procedures which prior thereto had resulted in denial of rights on technical grounds unrelated to the merits (Third Annual Report of N. Y. Judicial Council, 1937, pp. 160-163, 172-174). Nothing in the comment on the proposed section which became section 1288 of the Civil Practice Act (Third Annual Report of N. Y. Judicial Council, 1937, p. 184) suggests that the petition form, rather than the contents of the document filed, was considered sacrosanct. There is, therefore, no inconsistency between section 119 and section 1288 of the Civil Practice Act sufficient to warrant the conclusion that the latter impliedly repealed the former. It follows that the motion to set aside service of the order to show cause must be denied.
In making the above determination, the court does not reach and has not considered the question whether the allegations set forth in the affidavit are sufficient in law. Specifically, the questions whether the proceeding is premature because respondent union has not yet been required to file a report under the act or because petitioner has not exhausted his remedy under the union by-laws have not been considered. Under subdivision 5 of section 237-a of the Civil Practice Act the making of respondents ’ motion to set aside service stayed all further proceedings. Under that subdivision, respondents now have 10 days after service of a copy of the order entered hereon with notice of entry in which to answer or raise objections in point of law. Short-form order signed.