Bernard S. Meyer, J.
This article 78 (Civ. Prac. Act) proceeding seeks the review of a determination of the Board of Zoning Appeals of the Town of Hempstead. Mr. Justice Brennan, by decision dated December 13, 1960, granted respondents’ motion to dismiss the petition with leave to replead within 10 days. In purported compliance with that direction, a notice of motion, petition and affidavits dated December 24, 1960 were served on the Town Attorney. The town now moves to dismiss the December 24 notice of motion, contending that service upon the Town Attorney was insufficient, he not being a member of the Board of Zoning Appeals. The town points to the fact that the December 24 notice of motion is labeled and identified as a new petition and motion, demands an answer within two days'as would be required for an original petition (Civ. Prac. Act, § 1291) rather than within five days, as would be required in connection with an amended pleading (Civ. Prac. Act, §§ 1293, 1294) and adds a new prayer for relief not contained in the original petition.
The town’s motion is denied. There is no question that the original application was served on a proper person and within the time allowed by law. Nothing in article 78 prescribes how papers other than the original notice of application (Civ. Prac. Act, § 1289) shall be served. Section 1289 is applicable to the *1009 December 24 notice of motion only if the court considers it as an entirely new proceeding. To do so would be to ignore that portion of the notice of motion which states that it is brought “ pursuant to order of Mr. Justice William it. Brennan, Jr. dated December 16, 1960 in this proceeding,” (emphasis supplied), and to ignore paragraph 54 of the petition which alleges the previous application, the dismissal by Mr. Justice Brenkwn with leave to replead within 10 days, and the fact that 10 days have not yet elapsed.
To do so would further be to fly in the face of one of the major purposes of the adoption of article 78. As this court recognized in Henderson v. Sarle (23 Misc 2d 334), article 78 was adopted in order to consolidate and simplify procedures which prior thereto had resulted in denial of rights on technical grounds unrelated to the merits (see Third Annual Report of N. Y. Judicial Council, 1937, pp. 160-163, 172-174). Nothing in the comment set forth at page 187 of that report on proposed sections 1293 and 1294 suggests a different conclusion. Indeed, the broad grant of power to correct omissions and defects contained in the first sentence of section 1294 neg’ates the narrow concept urged by the town. The law has not retrogressed to the point that jurisdiction of a properly begun proceeding is lost) because a paper is]labeled “ petition ’ ’ rather'than6 ‘ amended petition.” That the petitioners served the December 24 notice of motion rather than simply an amended petition is, at most, an irregularity. Neither section 1293 nor section 1294, both of which contain explicit directions with respect to the service of an answer or amended answer .after the grant or denial of a motion, contains any provision with respect to the service and filing of an amended petition. That the December 24 notice of motion includes a prayer for relief not contained in the original notice of motion and petition is likewise a mere irregularity. The prayer, which is for an order directing that the proceeding be transferred to the Appellate Division for disposition, is at most surplusage. If transfer to the Appellate Division is proper, it would be because that step is required by section 1296 of the Civil Practice Act; it appears, however, that transfer is not proper because subdivision 7 of section 267 of the Town Law requires that “ the court at special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination under the provisions of section twelve hundred ninety-six of said article.”
A short-form order has been signed denying the motion, directing that respondents serve and file their answer not later than January 12 and setting the matter for argument at Special *1010 Term, Part II, at 10:00 a.m. on Monday, January 16. In accordance with the stipulation the parties made in open court, the return by the town made in the companion proceeding entitled Matter of American Bowling Realty Corp. v. Michaelis [cf. 27 Misc 2d 1010] is to be considered as the return in the instant proceeding. That proceeding and the motion of petitioners herein for consolidation of the two proceedings are also adjourned to Special Term, Part II, for Monday, January 16, at 10:00 a.m.