Richard J. Cardamone, J.
The City of Syracuse has moved for a preliminary injunction, pending a trial, wherein it seeks a permanent injunction to restrain the defendant Stewart Q-. Penny from performing any electrical work in the City of Syracuse, on the grounds that the said Penny has not been licensed to do this work.
In attempting to obtain a license as a limited electrician, the defendant has taken the examination provided for under the Electric Code of the City of Syracuse on three separate ■occasions, the latest being on February 6, 1969, but failed all three. The affidavits of the City of Syracuse in support of its application reveal that the defendant has engaged in the business of installing, maintaining and repairing electrical wiring within the City of Syracuse, at four different locations within the past two years and that the work done at these locations was inferior, improper and hazardous to the occupants of the building wherein the work was done. The exact nature of the work and its failure to conform to acceptable standards are-set forth in detail in the affidavits. No affidavit in opposition to this recitation of facts was submitted, although defendant denies that his work is substandard or inferior.
In opposing this motion the defendant has, however, submitted a memorandum of law in which he alleges that sections 15.2 through 15.2.10 of the Electric Code of the City of Syracuse *819 are unconstitutional because the Common Council delegated to private persons its legislative powers and, further, because the Board of Examiners, who have the power to issue licenses, consists of some individuals who are private persons engaged in the electrical business and in competition with the defendant. The manner in which the alleged illegal delegation of power is claimed to be effectuated is through the Common Council delegating the establishment of standards as set forth in the Electric Code, section 15.1.10 to the “latest National Electrical Code ” which is adopted as a part of the Electric Code of the City of Syracuse. In support of his position the defendant cites State v. Crawford (104 Kan. 141); Matter of Fink v. Cole (302 N. Y. 216); Matter of Lyons v. Prince (281 N. Y. 557).
All municipalities, as political subdivisions of the State, exercise only those powers delegated to them by the State (N. Y. Const., art. IX, §§ 1, 2). Subdivision 27 (pars. [a]-[e]) of section 20 of the General City Law provides for the licensing of master and special electricians and the establishment of a board for the examination and regulation of such licenses. Paragraph (e) validates and continues any existing board in any city created by the legislative body of the city. The City of Syracuse established its Master Electricians Board of Examiners on June 3, 1935; consequently, its continuation in existence under section 15.2.1 (a) of the Electric Code of the City of Syracuse, adopted in 1963, is a lawful delegation of power from the State to the municipality. The statute further provides that the municipality may maintain an action to compel compliance with or restrain by injunction the violation of any such ordinance enacted by the municipality (General City Law, § 20, subd. 22). This is also a lawful delegation of power from the State to the municipality.
The sections of the Electric Code of the City of Syracuse, 15.2 through 15.2.10, provide generally for board examiners; the requirement of a license by any individual wishing to engage in electrical work in the City of Syracuse; the manner in which licenses may be applied for; the examinations which shall be held and the subject matter of the examinations; the applicant’s knowledge of the rules and regulations for the installation of electric wiring devices, appliances and equipment as set forth in the State statute; the ordinances of the City of Syracuse and the National Electrical Code (15.2.5); the time within which such examinations may be taken; the fee for the said license; a certificáte evidencing the license; records of the Board of Electrical Examiners; and revocation of licenses. Section 15.1.10(a) of the Electric Code provides: “ The latest National *820 Electrical Code, copy of which is marked Exhibit 1 A ’ and annexed hereto, as hereinafter modified, is hereby adopted as part of the electric code of the City of Syracuse, New York”. The printing of the code in the annual book of proceedings of the Common Council is dispensed with pursuant to certain local law provisions of the City of Syracuse.
The cases cited by the defendant are not appropriate to the facts here. State v. Crawford (supra, p. 142) involved a statute which provided ‘ ‘ all electrical wiring shall be in accordance with the national electrical code ”. The code was not made a part of the statute in this Kansas case as it was here. The delegation of power in Matter of Fink v. Cole (supra) was to a private corporation who were not public officers or removable as such, which is not the case here since the members of the Board of Examiners are removable by the City Engineer (Electric Code, § 15.2.1). In Matter of Lyons v. Prince (supra) the Legislature made an improper delegation of legislative power to the Commissioner to determine what standards should be applied as well as the administrative power to determine who should be subject to such standards.
The Common Council of the City of Syracuse has not delegated its lawful authority to set the standards by which electrical work is to be done. On the contrary, it has merely adopted the National Electrical Code and has incorporated this code into its ordinance as part of the Electric Code of the City of Syracuse. This it has the power to do and if any such part of the National Electrical Code were to be in conflict either with the ordinances of the City of Syracuse or the laws of the State of New York it would clearly have the power to delete those provisions from its Electric Code. There is no language in the ordinance which in any way could be construed to be an unlawful delegation of power by the municipality to any outside body to fix the standards. Further, this ordinance has a presumption of constitutionality. The record contains nothing to overcome it. (Matter of Wulfsohn v. Burden, 241 N. Y. 288.)
Since the ordinance in question is constitutional, the City of Syracuse is authorized to maintain an action to compel compliance with it or restrain by injunction its violation. (General City Law, § 20, subd. 22.) No special damage or injury to the public need be alleged. Under the undisputed facts, the plaintiff has shown sufficient to entitle it to a preliminary injunction (City of Utica v. Ortner, 256 App. Div. 1039).
The only other limitation to be examined is whether this legislation, under which the municipality exercises its police *821 power, is reasonable. In that connection, the court needs to balance the various community interests in passing on the constitutionality of local regulations. Standards must be prescribed where it is shown to be necessary to regulate. There must be a balance struck between the public need for protection and the necessary safeguarding of an individual’s constitutional rights (cf. People v. Katz, 21 N Y 2d 132, 135). The power of the court to issue a preliminary injunction where there may be a danger, as here, to public safety is very great. (People ex rel. Bennett v. Laman, 277 N. Y. 368.) This statute which is promulgated under the general police power of the municipality as delegated to it by the State appropriately sets forth requirements as to qualifications if persons are to be permitted to engage in electrical work in the City of Syracuse. Such work affects the public welfare, health and safety. To that end the plaintiff city may exact a certain degree of skill and knowledge and require examinations, training and/or experience to qualify one to pursue such calling. (9 N. Y. Jur. Constitutional Law, § 198.) In view of the fact that the defendant concededly does not have an electrician’s license, under the circumstances here the issuance of a preliminary injunction pending the trial is appropriate.
The City of Syracuse to submit an injunction accordingly.