[No. 2529.    July 1, 1921.]

## STATE ex rel. SISNEY v. BOARD OF COM'RS OF QUAY COUNTY.

### SYLLABUS BY THE COURT.

1. **Held,** that boards of county commissioners are without authority to alter award made by viewers in proceeding to lay out a road, except where the property owner is dissatisfied with the award.    P. 230

2. **Held,** that there is no appeal provided from action of a board of county commissioners in altering an award made by viewers in proceeding to lay out a road.    P. 231

3. **Held,** that, where no appeal is provided, the proper remedy to review quasi judicial action of board of county commissioners is by certiorari.    P. 231

Appeal from District Court, Quay County; Lieb, Judge.

Petition by the State, on the relation of P. H. Sisney, against the Board of County Commissioners, Quay County, and another, for a writ of certiorari to quash proceedings in fixing damages in laying out road. Judgment for defendants, and petitioner appeals. Reversed and remanded, with instructions.

R. A. Prentice, of Tucumcari, for appellant.

### OPINION OF THE COURT.

MECHEM, ED, District Judge. This is an appeal from the action of the district court of Quay county, dismissing appellant's petition for a writ of certiorari to the board of county commissioners and

county clerk of Quay county to quash the proceedings of the board of county commissioners in fixing damages due appellant in laying out and establishing a road through his land.

The petition for the road was presented to the board April 1, 1918, and on the same day the board appointed viewers to assess the damages and benefits to the landowners affected. The viewers filed their report fixing appellant's damages at $1,145.

On April 8, 1919, the board received the reports of the viewers and approved the same with the exception of the amount of damages awarded, and to the appellant they awarded the sum of $200. The board then ordered the notices to be posted declaring said road to be opened.

On May 17, 1919, the appellant filed his petition in the district court for writ of certiorari to the board and county clerk, setting out the fact regarding the proceedings and alleging that the action of the board in reducing the amount of the award was without notice to the appellant and was without warrant of law; that he never had been tendered the amount of damages awarded him by the viewers and that the board was attemping to open said highway over his protest; that he was without other speedy and adequate remedy at law; and praying that the resolution laying out said highway be reversed and held for naught, and for such other relief as to the court might seem meet and proper.

The cause came on for hearing. No evidence was introduced save the records of the proceeding before the board. The court gave judgment for the appellees and dismissed the petition at appellant's costs, from which action the appellant appealed.

The statutes fixing the authority of the board of county commissioners with reference to the awards made by viewers are as follows:

"Sec. 2665. The board of county commissioners at their next regular meeting, after the filing of such report, shall

proceed to consider the same and all objections that there may be made thereto, and they shall determine whether or not such road shall be established and open for travel. And they may refer the matter of viewing to the same or other viewers with instructions to report in like manner, as herein required, or specially upon some particular matter."

"Sec. 2667. The board of county commissioners having considered the report of any road review, and the compensation to. which any person or persons damaged having been ascertained and paid to the owner or owners or into court for him or them, may order the road to be opened for public travel and declared a public highway."

"Sec. 2669. If any person or persons be of the opinion that the damages awarded him or them by the viewers are inadequate and insufficient, the board of county commissioners may agree with such person or persons upon the measure of the same, and should they fail to so agree such person or persons may appeal from the decision of the viewers to the district court of the county and evidence shall be taken before the court or referee as in other cases and the court shall determine the amount of damages and render judgment accordingly."

[1]    It will be seen from a reading of these sections that the board of county commissioners was without jurisdiction to change the award of the viewers unless a property owner was aggrieved by the action of the viewers, in which event they might agree with him upon his measure of damages; but the board is without authority to lower the award made to any person. The only authority the board has in the event it is dissatisfied with the award of the viewers is to reject the report, or order the same viewers to make another report or discharge the viewers and appoint other viewers to report, either fully or upon some particular matter./ The action of the board in this case in declaring said highway established without paying to the appellant the amount of damages awarded him by the viewers, or paying the same into court for him, was without authority and void.

Having decided that the action of the board was without authority, the next question is: Does the statute provide for an appeal?

[2] The only provision of the statutes with reference to laying out and establishing a road, providing for an appeal, is to be found in section 2669, which is to the effect that if any person, or persons, are of the opinion that the damages awarded to him, or them, are inadequate and insufficient, and the board is unable to agree with them as to the measure of the damages, then such person, or persons, may appeal from the decision of the viewers to the district court. There is no appeal provided from the action of the board in lowering such an award; the reason for this is probably due to the fact that no such an authority was vested in the board.

[3] There being no appeal provided, the remedy is by certiorari.

"Certiorari is the appropriate process to review the proceedings of bodies and officers acting in a judicial or quasi judicial character, and it may be stated that this writ will lie for none other than acts partaking of a judicial nature." 11 C. J. 120.

"It is clear, however, that the nature of the act to be performed rather than the office, board or body which performs it, that determines whether or not it is the discharge of a judicial or quasi judicial character." 11 C. J. 121.

In laying out and establishing highways, boards of county commissioners are exercising the right of eminent domain, and it can hardly be questioned that it is an exercise of a quasi judicial function.

This case is reversed and remanded to the district court, with instructions to reinstate the case and proceed in accordance with this opinion; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.