192 P.2d 310

**EIGNER et al. v. GEAKE et al.**

No. 5078.

Supreme Court of New Mexico.

April 8, 1948.

·M. Ralph Brown, Dist. Atty., Harry D. Robins, Asst. Dist. Atty., Simms, Modrall, Seymour & Simms, W. A. Keleher, A. H. McLeod, and Ernest Corey, all of Albuquerque, for appellants.

Wilson & Whitehouse and Louis C. Lujan, all of Albuquerque, for appellees.

McGHEE, Justice.

On December 14, 1943, the Board of County Commissioners of Bernalillo County entered an order closing a county road. On January 19, 1946, the petitioners filed their petition in the district court for a writ of certiorari to review such action, stating, among other things that they had no knowledge of such action until about July 1, 1945. An order for the issuance of the writ was forthwith issued, whereupon the respondents (appellants here) filed their motion to dismiss the petition and to quash the order for the writ upon several grounds, but in view of the disposition we will make of the case only one ground need be stated, which reads:

"That the plaintiffs are guilty of laches and are therefore barred from filing the petition."

We do not have a rule or statute in this state fixing the time within which

a petition for a writ of certiorari must be filed to review the action of a Board of County Commissioners.

The matter of laches in applying for a writ of certiorari to review proceedings in the district court was considered by this court under the head of "On Motion for Rehearing" in Gallup Southwestern Coal Co. v. Gallup American Coal Co., 39 N.M. 94, 96, 40 P.2d 627, 629, but as only three members of the court were then participating, and they could not agree, the establishment of a rule was left for future action.

A petition for a writ of certiorari to review the proceedings of a justice of the peace must be filed within thirty days. Appeals from probate court orders and judgments must be taken within ninety days; a limit of three months is set for appeals from final judgments of the district courts and the suing out of writs of error.

The courts of many states where a statute or court rule does not limit the time, hold that a petition for certiorari must be filed within the time for taking appeals. We have given serious consideration to the matter and have determined that absent a court rule or statute unless exceptionally good cause exists for tolling the time, a party who delays more than three months in applying for a writ of certiorari is guilty of laches. There appears to be no good reason, absent exceptional circumstances, why a party should have more time to ask for the writ of certiorari than he would have to take an appeal or sue out a writ of error in an ordinary case.

According to the statement of the petitioners they learned of the claimed illegal acts of the respondents on or about July 1, 1945, yet they delayed filing their petition in the district court until January 19, 1946, and there is nothing offered to excuse the long delay, except the statement in their answer brief that they were trying to settle the matter. This is not a sufficient excuse to toll the time.

The judgment will be reversed and the cause remanded to the district court with instructions to set aside its former order denying the motion to dismiss and enter a new one sustaining the motion on the ground of laches, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.