430 P.2d 868

Mildred D. ROBERSON, Petitioner-
Appellant,

v.

**BOARD OF EDUCATION OF the CITY OF
SANTA FE, and the New Mexico State
Board of Education, Respondents-Appellees.**

No. 8282.

Supreme Court of New Mexico.

July 24, 1967.

Watson & Watson, Charles S. Solomon,
Santa Fe, for appellant.

E. P. Ripley, Santa Fe, for appellee, New Mexico State Board of Education.

Melvin T. Yost, Santa Fe, for appellee, Board of Education of City of Santa Fe.

### OPINION

MOISE, Justice.

This litigation had its inception in 1960, when the Board of Education of the City of Santa Fe, hereinafter referred to as City Board, undertook to discharge appellant from her teaching position held by her for some twenty years. The district court, on application by appellant, issued a peremptory writ of mandamus to the City Board, directing it to recognize the contract with appellant for the 1960–1961 school year, and to desist from hearings on any question dealing with her reemployment. Upon appeal to this court, the writ was ordered modified so as to permit the City Board to proceed to determine if appellant should be discharged as provided in § 73–12–15, N.M.S.A.1953, Pocket Supp. State v. Board of Education of City of Santa Fe, 70 N.M. 261, 372 P.2d 832 (1962). In that opinion, the facts as well as the language of § 73–12–15, N.M.S.A.1953 and § 73–12–13, N.M.S.A.1953, Pocket Supp., are set forth. They will not be repeated here.

It now appears that after remand, hearing was held by the City Board as provided in § 73–12–15, supra. Appeal followed to the New Mexico State Board of Education, hereinafter referred to as State Board. Being aggrieved by the State Board's decision, on July 7, 1964, appellant filed cause No. 35164 on the docket of the District Court of the First Judicial District seeking a review. This was done by filing a "Notice of Appeal" in the cause, in the following language:

"TO: BOARD OF EDUCATION OF THE CITY OF SANTA FE and THE NEW MEXICO STATE BOARD OF EDUCATION

"Mildred D. Roberson appeals the action of the New Mexico State Board of Education on June 23, 1964 affirming the Order of Discharge handed down by the Board of Education of the City of Santa Fe on August 12, 1963 which action was taken pursuant to Section 73–12–15, New Mexico Statutes Annotated, 1953 Compilation (Pocket Supplements); and the action taken by the Board of Education of the City of Santa Fe and the New Mexico State Board of Education was wholly arbitrary, unlawful, unreasonable and capricious."

At the same time, a document entitled "Writ of Certiorari" was issued and signed by the Clerk of the District Court. It read:

"TO: THE NEW MEXICO STATE BOARD OF EDUCATION

"GREETINGS:

"WHEREAS, Mildred D. Roberson has appealed the action of the New Mexico State Board of Education on June 23, 1964 affirming an Order of Discharge handed down by the Board of Education of the City of Santa Fe on August 12, 1963, which action taken pursuant to Section 73–12–15, New Mexico Statutes Annotated, 1953 Compilation (Pocket Supplements),

"NOW, THEREFORE, you are hereby commanded to certify and return fully to this Court on or before the 24th day of August, 1964, a transcript of the records and proceedings with reference to the hearing held before you on June 22 and 23, 1964, in connection with the appeal of Mildred Roberson from the Order of Discharge handed down by the Board of Education of the City of Santa Fe, and all facts relating thereto, as fully as the same are now before you, and have you then and there this Writ."

Thereafter, the State Board moved to quash the writ, and the City Board filed a motion to dismiss. After hearing, an order was entered on September 29, 1965 sustaining both motions for the announced

reasons that § 73–12–15, supra, was deemed controlling; no appeal is provided therein and, accordingly, the notice of appeal conferred no jurisdiction on the district court; and, further, the purported issuance of a writ of certiorari by the clerk was a nullity and gave the court no jurisdiction because such writs can only issue by order of the court based upon presentment by proper applications. Timely notice was given of appeal to the Supreme Court of this action by the district court. However, no appeal was ever perfected and, on October 18, 1965, appellant filed cause No. 36638 in the District Court of Santa Fe County seeking issuance of a writ of certiorari to review the action of the State Board. The petition in this cause stated that it was a continuation of cause No. 35164 and was filed under the provisions of § 23–1–14, N.M.S.A.1953. Upon presentation to the district court and upon showing being made, a writ of certiorari directed to the State Board was ordered to issue. Thereafter the State Board filed a motion for costs and a motion to quash the writ. Although the writ was addressed to the State Board alone, the City Board had also been named as a party and it filed a motion to quash the writ and seeking dismissal of the action.

Both the motions to quash filed by the State Board and that filed by the City Board raise the issues of (1) lack of jurisdiction in the court; (2) the bar of laches; and, (3) bar of the applicable limitation period for obtaining review. In addition, the City Board raised the issue of an absence of process directed to the City Board and insufficiency of the writ issued by the court to confer jurisdiction.

The trial court sustained the motion to quash and ordered the action dismissed for the announced reasons, (1) that the only remedy available to appellant was certiorari; (2) cause No. 35164 did not constitute a filing of a proceeding or commencement of an action which could serve as a foundation for application of § 23–

1–14, N.M.S.A.1953, because no basis existed for issuance of any process in cause No. 35164; and (3) appellant was negligent and barred by laches because of her failure to proceed properly to obtain a review by certiorari. From this order the present appeal was taken.

We first consider appellant's Points III and IV. It is there argued that the steps taken in the filing of cause No. 35164 constituted the commencement of an action as defined in § 23–1–13, N.M.S.A.1953 and, accordingly § 23–1–14, supra, was applicable, and the court obtained jurisdiction of the State Board by its general appearance. Sections 23–1–13 and 23–1–14, supra, read as follows:

"23–1–13. The filing in the proper clerk's office of the petition, declaration, bill or affidavit, upon the filing of which process is authorized by law to be issued, with intent that process shall issue immediately thereupon, which intent shall be presumed, unless the contrary appear, shall be deemed a commencement of the action."

"23–1–14. If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six [6] months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

Our first inquiry must necessarily be whether the notice of appeal and issuance by the clerk of the so-called writ constituted the filing of a "petition, declaration, bill or affidavit" upon which process was "authorized by law to be issued." We conclude that it was not.

The proceedings in question were conducted under § 73–12–15, N.M.S.A. 1953, providing that the decision of the State Board shall be final. No provision is made for appeal. This being true, the only remedy available for reviewing the

actions of the State Board was certiorari. State ex rel. Sisney v. Board of Com'rs, 27 N.M. 228, 199 P. 359 (1921). Appeals and writs of error are in no sense to be compared to certiorari. In re Duncan, 43 Okl. 691, 144 P. 374 (1914);—as a matter of fact, generally speaking, the presence of the right to appeal makes inappropriate and unavailable the right to certiorari. 14 C.J.S. Certiorari § 39, p. 184. Accordingly, unless the notice of appeal is sufficient to serve to initiate a review by certiorari, we have no commencement of such an action. This has been recognized under certain circumstances. See Stevens v. Superior Court, 160 Cal.App.2d 264, 325 P. 2d 204 (1958). Florida has a statute requiring appeals improperly taken to be considered as petitions for certiorari. Borras v. Allered, 58 So.2d 152 (Fla.1952). However, note what was said by this court on rehearing in Gallup Southwestern Coal Co. v. Gallup American Coal Co., 39 N.M. 94, 40 P.2d 627 (1935). That the notice of appeal is not sufficient is made amply clear when it is recognized that "a formal application showing a prima facie case for relief is a prerequisite to issuance of certiorari," with certain exceptions not here applicable. 14 C.J.S. Certiorari § 68, p. 213; State ex rel. Jacobs v. Trimble, 310 Mo. 150, 274 S.W. 1075 (1925). While in no sense wanting to be understood as holding that any particular nicety of pleading or precision of drafting is required, the record here discloses a total absence of any pleading which remotely approximates a petition or which contains any of the elements required as a minimum to merit such a description in a proceeding wherein certiorari is sought. The form and contents of such an application are detailed in 14 Am.Jur.2d 810, Certiorari, § 33, and in 14 C.J.S. Certiorari § 70, p. 213.

The power in a district court to issue a writ of certiorari is provided in Art. VI, § 13, N.M.Const., and has been recognized by this court. State ex rel. Board of Com'rs of State Bar v. Kiker, 33 N.M.

6, 261 P. 816 (1927). Procedural guidelines to be followed in connection with an action wherein certiorari is sought have never been provided. We note Supreme Court Rule 24(7) (§ 21–2–1(24) (7), N.M. S.A.1953) prescribing in very general terms for certiorari in this court, and Rule 29 (§ 21–2–1(29), N.M.S.A.1953) setting up procedure in certiorari to the court of appeals. Applications for the issuance of the writ is required in both. Even where applications or petitions are required by statute, which also provides for liberal interpretation, Kohnberg v. Murdock, 4 A.D.2d 750, 164 N.Y.S.2d 870 (1957), certain minimum requirements must be met. Fitzgerald v. Conway, 191 Misc. 1048, 78 N.Y.S.2d 418 (1962); Kantor v. City of Perth Amboy, 122 N.J.L. 588, 7 A.2d 403 (1939).

While we subscribe wholeheartedly to a liberal rule in passing on nonjurisdictional defects in proceedings wherein procedural pitfalls in attempting to obtain a review may have been encountered, as announced in Johnson v. Johnson, 74 N.M. 567, 396 P.2d 181 (1964), we cannot escape the conclusion that the trial court was correct when it stated that "under the most liberal construction" the instruments filed in cause No. 35164 "did not constitute the commencement of an action under § 23–1–13, supra." This being true, § 23–1–14, supra, could not serve in any sense to give cause No. 35164 vitality by virtue of the filing of cause No. 36638.

█ We must next consider appellant's Point II, and the issue of whether cause No. 36638 was barred because of laches. The decision of the State Board was transmitted on June 30, 1964, and the petition in cause No. 36638 was filed October 18, 1965, some fifteen and a half months later. Appellant would excuse this delay by pointing to the fact that all of this time was required to obtain a ruling in cause No. 35164. It is true that cause No. 36638 was filed only some nineteen days after cause No. 35164 was dismissed. Certainly, the

passage of nineteen days did not constitute laches. However, what about the remaining period of approximately fifteen months?

Gallup Southwestern Coal Co. v. Gallup American Coal Co., supra, is an interesting case in this regard. This was an appeal in a case arising out of a condemnation proceeding wherein no provision for appeal had been made in the statute. Upon this fact being noted, the appeal was dismissed and appellant filed an application for certiorari which the court directed should first be considered as a motion for rehearing in the appeal which had been dismissed. In the opinion on rehearing, the court made it clear that because of disagreement between the three participating justices, no precedent was being established.

The differences between the justices is best stated by quoting from the opinion:

"The general objection to the application is laches. The particular objection is that an application for certiorari, presented after the lapse of the time within which an appeal may be allowed or a writ of error sued out, comes too late. And this, regardless of any change in the situation of the parties. This view has been adopted in many jurisdictions, and finds support in this court as for the moment constituted.

"On the other hand, there is support among us for the view that no purely arbitrary time limit should be placed upon our right to issue certiorari; that the question should always be one of laches strictly; that where the lapse of time has not been accompanied by any change in situation, to the prejudice of a party if his victory should be turned into defeat on review, a delay of six months (now three months), though seriously to be considered, should not necessarily be fatal. Of course, no one contends that the writ should be issued as of right at any time."

Without announcing any rule having the force of precedent, in that case the court concluded that the case should be considered as if certiorari had issued on the application; in other words, that the application was not barred by laches in that case. In the course of the opinion, the following is stated:

"The appeal was granted promptly, on the very day judgment was entered. It was perfected within six weeks and otherwise prosecuted diligently. The present application was made with reasonable promptness following our decision on the appeal. Appellant accepted the decision, not availing itself of its right to move a rehearing. It has diligently pursued its contention, made at the outset by demurrer, that the relief sought, or some of it at least, was unknown to the law and beyond the court's power to grant.

"True, it mistook its remedy. And appellee stresses the fact that by its motion to dismiss it warned appellee of its mistake at a time when the remedy of certiorari was still open, if it be deemed to have been available for six months. The motion, of course, was but a claim of counsel. And while we have sustained it, there was not wanting legitimate and somewhat persuasive argument for a contrary holding. The matter was not so plain that any lack of good faith or any disposition to delay can be attributed to appellant's counsel for persisting in their own view and pursuing the broader and more complete remedy."

Here, too, appellant promptly appealed from the decision of the State Board, and vigorously prosecuted its appeal. Upon dismissal of the appeal, after first giving notice of appeal from that decision, and after only nineteen days had passed, certiorari was sought in cause No. 36638.

We do not understand how, in the light of our decision in the previous case (70 N.M. 261, 372 P.2d 832) appellant could continue to assert that the proceeding should have been under § 73–12–13, supra. However, the fact remains that she did and, so far as the record discloses, did so in good faith, and with no purpose to delay. As a

matter of fact, we cannot possibly imagine in what manner delay would benefit her. Appellant has not had her dismissal reviewed by a court, and this is what she seeks. We perceive of no change of position or prejudice to the appellees because of the passage of time.

However, does that make any difference? We recently considered the time element in seeking appeal where no period was fixed by statute or rule. In Board of Education, Penasco Independent School District No. 4 v. Rodriguez, 77 N.M. 309, 422 P.2d 351 (1967), we held that under § 73–12–13, supra, where appeal is provided, but a time for taking it is not fixed, an appeal from the State Board to the district, not filed until some eighty-one days had passed after the order appealed from had been entered, came too late. We stated that the time for taking such an appeal was the same as that provided by rule for appeals from the district court to this court. In the course of the opinion, the following, quoted from Eigner v. Geake, 52 N.M. 98, 192 P.2d 310 (1948), is set forth:

> "We have given serious consideration to the matter and have determined that absent a court rule or statute unless exceptionally good cause exists for tolling the time, a party who delays more than three months [the time then provided for appeals] in applying for a writ of certiorari is guilty of laches. There appears to be no good reason, absent exceptional circumstances, why a party should have more time to ask for the writ of certiorari than he would have to take an appeal or sue out a writ of error in an ordinary case."

In Rodriguez, supra, the Board argued that ninety days, the time allowed by rule for seeking certiorari when Eigner was decided, was the correct period, and accordingly the petition was timely. We held that the period for appealing having been shortened by rule to thirty days, under the reasoning of Eigner that was the time now provided for appealing, suing out a writ of error, or seeking certiorari. No

question was raised in Rodriguez concerning the presence of "exceptionally good cause," recognized in Eigner as possibly tolling the time otherwise applicable during which the writ may be timely sought.

In deciding whether or not certiorari was barred by laches, we would call attention to Morris v. Ross, 58 N.M. 379, 271 P.2d 823 (1954), which in turn relied on Patterson v. Hewitt, 11 N.M. 1, 66 P. 552, 55 L.R.A. 658 (1901). We quote as follows:

> "* * * The first proposition advanced by the appellants is that the appellee was guilty of laches. Treatment of this question was thoroughly covered by this court in Patterson v. Hewitt, 11 N.M. 1, 66 P. 552, 556, 55 L.R.A. 658 and by the authorities therein cited. There we said, ' * * * it will be found that each case must be determined upon its own circumstances; that the courts have frequently held that no ironclad rule can be laid down applicable to all cases, but that the circumstances of each case must determine the application of the law of laches as the equities are shown by the evidence. The reported cases show that, while the lapse of time is one of the elements to be considered in applying laches to stale claims, it is only one, and that it is not ordinarily the controlling or most important one to be considered by the court in applying laches as a defense in equity.' The elements which in combination must be proved by the one setting up the defense of laches are briefly stated in 19 Am.Jur. (Equity) § 498:
>
> 'Facts Establishing Responsibility.— A suit is held to be barred on the ground of laches or stale demand where and only where the following facts are disclosed: (1) Conduct on the part of the defendant, or of one under whom he claims, giving rise to the situation of which complaint is made and for which the complainant seeks a remedy, as, for example, an invasion by the defendant of the complainant's right, such as the right to the possession of property; (2) delay in asserting the complainant's

rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred.' "

The rule was recognized in Sharpe v. Smith, 68 N.M. 253, 257, 360 P.2d 917, 919 (1961), where we said: " * * * lapse of time alone does not necessarily imply an unreasonable delay in bringing suit, but it must also appear that the delay has worked to the injury of another."

Although the Gallup Southwestern Coal Company case, supra, is not binding precedent, we find in it as well as in the authorities cited above ample support for here concluding that the trial court erred in dismissing cause No. 36638 on the ground of laches. We find no basis for arguing that the State Board or the City Board has changed its position or been prejudiced through the passage of time. To the contrary, we find present in the diligence attempted to be exercised—although largely misdirected—"exceptionally good cause," recognized in Eigner v. Geake, supra, as permitting the tolling of any time limitation otherwise applicable. Appellant should be allowed to present her case to the district court under the rules applicable to a review by certiorari.

In view of the disposition made of the points herein discussed, no reason is present for considering the additional points or arguments advanced by appellant.

The judgment is reversed and the cause remanded to the trial court with instructions to reinstate it on the docket, and proceed to determine the issues in a manner consistent herewith.

It is so ordered.

COMPTON, J., and EDWARD E. TRIVIZ, District Judge, concur.