This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

PATRICIA ROYBAL CABALLERO,

　　　Petitioner-Appellant,

v.　　　　　　　　　　　　　　　　　　　　　　　　　No. 31,793

NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS,

　　　Respondent-Appellee,

and

CATHOLIC CHARITIES OF
CENTRAL NEW MEXICO,

　　　Employer/Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Alan M. Malott, District Judge

Patricia Roybal Caballero
Albuquerque, NM

Pro Se Appellant

Marshall Ray, DWS General Counsel
Elizabeth A. Garcia, General Counsel
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Patricia Roybal Caballero (Petitioner) appeals from the district court's order denying her motion for reconsideration filed on September 21, 2011. [RP 51] Petitioner filed a notice of appeal in district court on October 19, 2011. [RP 53] The docketing statement was filed in this Court on January 30, 2012. [Ct. App. File] Pursuant to Petitioner's letter filed in this Court on December 12, 2011, this Court accepted the docketing statement as timely filed on February 2, 2012. [Id.] Because Petitioner did not timely file a petition for writ of certiorari as required by the applicable rules and statute, the calendar notice proposed to deny the petition. [Ct. App. File, CN1] Petitioner has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we deny the petition.

**DISCUSSION**

Recently, this Court explained Rule 12-505 NMRA, which governs appeals to this Court from decisions of the district court from administrative appeals pursuant to Rule 1-077 NMRA. *Wakeland v. N.M. Dep't of Workforce Solutions and Gilman Law Offices, LLC*, 2012-NMCA-021, __ N.M. __, 274 P.3d 766, *cert. denied*, __ U.S. __, __ S. Ct. __ (No. 11,970, June 11, 2012). Rule 12-505 requires a party to seek discretionary review in this Court of the district court's decision in a Rule 1-077 case

by means of petition for writ of certiorari filed in this Court within thirty days of the district court's final action. *Wakeland*, 2012-NMCA-021, ¶ 4. *Wakeland* holds that a non-conforming document will be accepted as a petition for writ of certiorari if the non-conforming document provides sufficient information to assess its merits as a petition. *Id.* ¶¶ 6-17. A docketing statement that satisfies Rule 12-208 NMRA, for example, is a non-conforming document that satisfies the Rule 12-505 information requirements, but a notice of appeal is not. *Wakeland*, 2012-NMCA-021, ¶¶ 6-17.

A non-conforming petition for writ of certiorari must still meet the time and place requirements of Rule 12-505(C). "The petition for writ of certiorari shall be filed with the clerk of the Court of Appeals within thirty (30) days after entry of the final action by the district court." *Id.; see Wakeland*, 2012-NMCA-021, ¶¶ 18-22. An untimely filing will only be excused in unusual circumstances that are outside the control of the parties, such as court error. *Id.* ¶¶ 23-26. The *Wakeland* rationale is buttressed by the policy consideration that a petitioner has already had an appeal as of right from the administrative action in district court, and the appeal to this Court is subsequent certiorari review that is discretionary only. *Id.* ¶¶ 14-15, 22 (recognizing that a notice of appeal will rarely demonstrate that discretionary appellate review is warranted, and that the policy considerations that favor liberal construction of a notice of appeal are not at issue when a party has already had an appeal of right in district court and thereafter seeks discretionary appellate review in this Court).

As in *Wakeland*, in this case, Petitioner filed a notice of appeal in district court and a docketing statement, rather than a petition for writ of certiorari. In order for Petitioner to have perfected her appeal in this Court by way of a timely filed non-conforming document, therefore, she had to file the docketing statement in this Court within thirty days of the district court's September 21, 2011 order—not a notice of appeal in district court within thirty days from that order. Petitioner's non-conforming petition for writ of certiorari was not filed within thirty days of the district court's order and was therefore untimely.

In the memorandum, Petitioner argues that a case relied upon in *Wakeland*, *Roberson v. Board of Education of City of Santa Fe*, 78 N.M. 297, 298-99, 430 P.2d 868, 869-70 (1967), would allow Petitioner's notice of appeal, request for extension to file a docketing statement, and docketing statement, together, to be construed as a timely filed petition not barred by the doctrine of laches. [MIO 2] *See Wakeland*, 2012-NMCA-021, ¶ 8-9. In *Roberson*, however, the petition was not dismissed because "at that time there was no statute or rule setting a time limit for the filing of a petition for certiorari and because laches did not bar the filing of the petition that the petitioner filed after she filed her improper notice of appeal." *Wakeland*, 2012-NMCA-021, ¶ 9 (citing *Roberson*, 78 N.M. at 300-03, 430 P.2d at 871-74). In this case, a laches discussion is not applicable, because, unlike when *Roberson* was filed in 1967, Rule 12-505(C) specifically sets forth a time limit for the filing of a petition

4

for certiorari: "The petition for writ of certiorari shall be filed with the clerk of the Court of Appeals within thirty (30) days after entry of the final action by the district court."

Petitioner also argues that the circumstances of her appeal satisfy the "unusual circumstances" that excuse a late filing. [MIO 3-7] She argues that she is appearing pro se and the procedures for filing an appeal are unclear, and therefore she entitled to leniency. [MIO 3-5] In addition, Petitioner points out she was extremely busy caring for her elderly mother and carrying out her graduate studies during the appeal process. [MIO 6-7] Petitioner further continues to argue the merits of her appeal with regard to the admission of certain evidence. [MIO 8-14] We are not persuaded.

Even though Petitioner's mother was ill and Petitioner was distracted and busy caring for her and going to graduate school, she filed a notice of appeal, a request for extension on the docketing statement, and a docketing statement. Petitioner was simply unaware that the Rules of Appellate Procedure require her appeal to proceed in accordance with Rule 12-505. *Wakeland* also involved a pro se petitioner who was unaware that a Rule 1-077 appeal to this Court is governed by Rule 12-505. In *Wakeland*, we held that "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing." *Id.* ¶ 25; *see also id.* ("The fact

5

that [the petitioner] did not know that any further appellate review would be governed by Rule 12-505 does not excuse the late filing in this case.").

Petitioner's letter filed on December 12, 2011, which requested an extension of time to file the docketing statement, was filed long after the due date for filing a petition under Rule 12-505(C). *Cf. Audette v. Montgomery*, 2012-NMCA-011, ¶ 8, __ N.M. __, 270 P.3d 1273 (holding that "because [the petitioners] sought an extension of time to file their docketing statement *before* their petition was due under Rule 12-505(C) and because this Court granted the extension, we conclude their petition is timely" (Emphasis added.)), *cert. denied*, __ -NMCERT-__, __ N.M. __, __ P.3d __ (No. 30, 988, Dec. 21, 2011). This Court's action in granting a motion for extension of time to file a docketing statement does not demonstrate this Court's determination to grant the petition. *Id.* ¶ 9 ("We emphasize, however, that when a party mistakenly files a notice of appeal and, after the time for filing a petition has passed, the party seeks an extension of time to file the docketing statement, an order from this Court extending the time to file the docketing statement will not automatically excuse the untimely filing of the non-conforming document that is to be construed as a petition. Extensions of time to file the docketing statement in this Court are routinely granted, as the timely filing of a docketing statement is not a mandatory precondition to the exercise of this Court's jurisdiction. . . ., a party cannot rely on their own mistake in presenting their case as if it were an appeal as of right and

6

in obtaining a routine extension to file the docketing statement as a basis for claiming that the non-conforming petition was timely.").

**CONCLUSION**

We hold that Petitioner's notice of appeal filed in district court does not satisfy the place of filing or the content/information requirements for non-conforming documents. Moreover, while Petitioner's docketing statement may be construed as a petition for certiorari, it does not satisfy the timeliness requirements for a petition for certiorari. Finally, Petitioner's uncertainty about the proper procedure for seeking review is not an unusual circumstance that will excuse the late filing. We deny the petition.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**