**ELCORTA, INC. a Delaware corporation, and Sebastian R. Ciotti, Plaintiffs in Error,**

v.

**SUMMIT AVIATION, INC., a Delaware corporation, Defendant in Error.**

Superior Court of Delaware, New Castle County.

Argued: April 8, 1987.
Decided: May 13, 1987.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for plaintiffs in error.

James A. Erisman and Adele B. Blandin (argued), of Daley, Erisman & van Ogtrop, Wilmington, for defendant in error.

BALICK, Judge.

Summit Aviation, Inc. has filed a motion to dismiss an action in certiorari filed by Elcorta, Inc. and Sebastian R. Ciotti to review proceedings in a Justice of the Peace Court to enforce a garageman's lien under 25 *Del.C.*, c. 39. The justice of the peace authorized the sale of a Mitsubishi aircraft owned by Elcorta. Ciotti held a security interest in the aircraft. It sold for $190,000 and Summit's $170,000 lien was satisfied from the proceeds.

Elcorta and Ciotti contend that they did not receive adequate notice of the sale, that the justice of the peace improperly declined to recuse himself, and that other errors were committed in the course of the proceedings.

■ Summit contends that the plaintiffs in error failed to meet various procedural prerequisites to Superior Court's jurisdiction. This contention is premised on the applicability to certiorari proceedings of the statute governing appeals from Justice of the Peace Courts. 10 *Del.C.* § 9571. Summit argues that since certiorari is a form of appeal, it follows that the statute governs and that the cases holding that the requirements of the statute are jurisdictional also apply. *Williams v. Singleton*, Del.Supr., 160 A.2d 376 (1960). I disagree with this premise.

It is true that certiorari is a common law form of appellate review, but certiorari and appeal are cumulative and fundamentally different remedies. Certiorari reviews the record, whereas an appeal is de novo. 1 Woolley on Delaware Practice § 900. It necessarily follows that the nature of the proceedings must differ. *Landis Supply, etc. v. Joseph A. Capaldi, Inc.*, Del.Super. 415 A.2d 497 (1980). For example, the statute dealing with the procedure on applications for certiorari provides for "sufficient surety to be approved by the Prothonotary ...," but the statute governing appeals de novo provides for "security in such sum as the justice deems sufficient ..." 10 *Del.C.* §§ 3918, 9571(b). Although both certiorari and appeal have existed for many years, there has never been a decision holding that the statute on appeals governs certiorari.

There is no time limit fixed by statute or by court rule for filing an action in certiorari. Compare Superior Court Criminal Rule 37. Nor have I seen a reference to any time limitation at common law. Since the writ was then discretionary, it is likely

that the timeliness of the proceedings would be one of the factors considered by the court in deciding whether to allow the writ. Woolley § 903. In Delaware there was a constitutional provision establishing a five-year limitation period for seeking a writ of error, which was later reduced to six months, and then repealed. Art. VI, Del. Const. 1792 § 13, Art. VI, Del. Const. 1831 § 20, Art. IV, Del. Const. 1897 § 28, amended, 40 Del.Laws, c. 2 (1935), renumbered § 25, 48 Del.Laws, c. 109 (1951), repealed, 51 Del.Laws, c. 78 (1957). The constitutional provision also applied to certiorari, which is a writ of error, without regard to which court issued the writ. Woolley § 895. The amendment repealing the constitutional provision stated that it would become effective when the General Assembly enacted a statute "dealing with the subject matter" of the constitutional provision. The statute thereafter enacted provided a 60-day period for the filing of a praecipe in the Supreme Court, which was later reduced to 30 days. 10 Del.C. § 148, 51 Del.Laws, c. 346 (1958), 58 Del.Laws, c. 21 (1971). Since the statute does not govern writs of error generally, but applies only to the filing of a praecipe in the Supreme Court, the result, perhaps unintended, was that there is no longer any provision establishing a time limit for filing a praecipe seeking a writ of certiorari in the Superior Court.

■ In the absence of an applicable statute or court rule, many courts apply statutes limiting the time for filing a notice of appeal or a praecipe for a writ of error by analogy. 14 Am Jur 2d, Certiorari, § 30 (1964). As was said by one court, "[t]here appears to be no good reason, absent exceptional circumstances, why a party should have more time to ask for the writ of certiorari than he would have to take an appeal or sue out a writ of error in an ordinary case." *Eigner v. Geake*, N.M. Supr., 52 N.M. 98, 192 P.2d 310, 310-11 (1948). This approach is consistent with the trend in Delaware described above to shorten the time for seeking appellate review. I therefore conclude that the court should look to the statutes on appeals by analogy.

■ I further conclude that the 30-day period provided for the filing of a praecipe in the Supreme Court is the most appropriate standard for comparison. This is consistent with the legislative history described above and with the 30-day filing period for certiorari to review a decision of a county Board of Adjustment. 9 Del.C. § 1353. Because of the differences between certiorari and review de novo, the time periods provided for perfecting an appeal de novo from a Justice of the Peace Court are not the proper standard for comparison. The 15-day period for allowance of an appeal by a justice of the peace does not provide adequate time for preparation of a transcript of the record which is needed to enable the Prothonotary to enter a recognizance and issue a writ of certiorari. Woolley § 902. Nor is the 20-day period provided by Rule 3(c) for filing a praecipe and certified transcript of the record appropriate, because it runs from the allowance of an appeal and not from the entry of the judgment below. Since the 30-day filing period is being adopted in exercise of Superior Court's common law power to regulate certiorari proceedings, it is not jurisdictional but is subject to the discretionary power of the court to excuse defaults in appropriate circumstances. See Rule 6(b).

■ I now turn to the proceedings in this case. The following is the chronology of events:

| | |
|---|---|
| Judgment below entered | May 6, 1986 |
| Praecipe filed | May 20, 1986 |
| Transcript of record filed | June 5, 1986 |
| Amount of security set by judge | June 10, 1986 |
| Recognizance filed | June 19, 1986 |
| Writ and citation issued | July 3, 1986 |
| Record received from court below | July 17, 1986 |
| Motion to dismiss filed | July 28, 1986 |
| Exceptions in certiorari filed | August 12, 1986 |

There were several procedural deficiencies. Although the praecipe was filed well within 30 days of the entry of the judgment below, it was not accompanied by a transcript of the record. Instead, counsel informed the Prothonotary that he would file

the transcript as soon as he received it from the Justice of the Peace Court so that the amount of the recognizance could be determined. Although the transcript was filed before the expiration of 30 days, the recognizance was not, and the writ did not issue until 58 days after entry of the judgment below. Moreover, process did not issue forthwith, as provided by Rule 4(a), and exceptions in certiorari were not filed within 10 days of receipt of the record from the Justices of the Peace Court, as required by Rule 12(aa1).

Notwithstanding the procedural deficiencies mentioned above, I conclude that the action should not be dismissed. It appears from letters in the court file to the Prothonotary from counsel that he was attempting to comply with governing statutes and rules or, in their absence, with the former practice as explained in Woolley on Delaware Practice. It further appears that some of the delay is attributable to the court. Although the statute provides that the amount of the recognizance shall be set by the Prothonotary, counsel was instead referred to the civil office judge. More importantly, the writ and citation did not issue until 14 days after the recognizance was filed.

The praecipe must be filed within 30 days of the entry of the judgment below. Compare *Chadwick v. Janaman*, Del.Supr., 349 A.2d 742 (1975). In this case counsel served a copy of the praecipe on opposing counsel. Although this is not required by court rule, it is good practice, because it gives the opposing party prompt notice of the proceedings and opportunity to file a motion to dismiss, as happened in this case. Otherwise, notice would not be given until the citation issues. When the praecipe is served on the opposing party, it in effect fulfills the function of a notice of appeal in modern appellate practice. Compare Supreme Court Rule 7, committee commentary. Notwithstanding such notice, it is nonetheless provided by court rule that process shall issue forthwith. This can occur only if a transcript of the record is filed with the praecipe, the nature and amount of the security is promptly set, and the recognizance is entered soon thereafter.

Counsel may not simply file the required papers and wait for the court to process them. Counsel must actively endeavor to make sure that the writ issues promptly or run the risk of dismissal for lack of diligent prosecution. Compare *Russell v. Olmedo*, Del.Supr., 275 A.2d 249 (1971).

■ Counsel has not addressed the 9 days taken to file the recognizance after the amount was set by the judge. It is presumed that some time was required to obtain the corporate surety required by the court. Counsel explains the delay in filing exceptions in certiorari by his absence from the office when the record was filed by the court below. When he returned, the 10-day period had already expired. Although he failed to alert someone else to file the exceptions in his absence, if necessary, he did so himself immediately upon returning. I conclude that this delay does not justify the extreme sanction of dismissing the proceedings.

The only remaining issue is the amount of the security. Ciotti sought the allowance of an appeal from the justice of the peace's order authorizing the sale. The justice of the peace required security in the amount of $170,000 to cover the amount of the lien against the aircraft. Since this could not be posted, the appeal was abandoned. Elcorta and Ciotti point out that there is no longer need for security in this amount, because Summit has been paid in full from the proceeds of the sale.

■ Summit contends that compliance with the statutory requirement for cash or surety bond on appeal from a Justice of the Peace Court "sufficient to cover the judgment appealed from and the costs on the appeal" is a jurisdictional prerequisite to an action in certiorari. 10 *Del.C.* §§ 9571, 9572. I have already rejected this contention. If it is nonetheless contended that the security set by this court is inadequate, the appropriate remedy is a motion to increase the security, not a motion to dismiss. 10 *Del.C.* § 3918(c); Woolley § 904; Rule 7(b).

One of the factors that I have considered in ruling on this motion to dismiss is the

uncertainty about the proper practice and procedure in certiorari proceedings. After the publication of this opinion, that uncertainty will no longer provide an excuse for the unacceptable delay between the filing of the praecipe and the issuance of the writ in this case.

Another important consideration is the need for reasonable access to Superior Court to review the legality of proceedings of this kind. Justice of the Peace Courts have exclusive jurisdiction over enforcement of garagemen's liens, notwithstanding the amount claimed by the lienholder. 25 *Del.C.* § 3909. This case demonstrates how the cash or surety bond required as a jurisdictional prerequisite to an appeal de novo can be prohibitive. In such cases certiorari is the only feasible means of reviewing the legality of the proceedings in Justice of the Peace Courts.

I have on this date signed an order denying the motion to dismiss.