IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE   §
PETITION OF LA MAR GUNN   §    No. 268, 2015
FOR A WRIT OF CERTIORARI   §

Submitted: August 26, 2015
Decided: August 27, 2015

Before **STRINE**, Chief Justice; **HOLLAND, VALIHURA, VAUGHN** and **SEITZ**, Justices, constituting the Court *en Banc*.

Upon a Petition for a Writ of Certiorari. **DISMISSED**.

Julianne E. Murray, Esquire, Ronald D. Phillips, Jr., Esquire, MurrayPhillips, P.A., Georgetown, Delaware, Attorneys for Petitioner, La Mar Gunn.

John W. Paradee, Esquire, Stephen E. Smith, Esquire, Baird Mandalas & Brockstedt, LLC, Dover, Delaware, Attorneys for Respondent, Betty Lou McKenna.

Timothy M. Holly, Esquire, Max B. Walton, Esquire, Connolly Gallagher LLP, Wilmington, Delaware, Attorneys for Respondent, the Board of Canvass in Kent County.

**HOLLAND**, Justice:

The Petitioner, La Mar Gunn, requests that a writ of certiorari be issued by this Court directed to the Superior Court of Kent County, sitting as the Board of Canvass, to review its November 6, 2014, certification of the election for the Kent County Recorder of Deeds, which declared Betty Lou McKenna to be the winner. The Board of Canvass and Betty Lou McKenna have each filed motions to dismiss the Petition as untimely.

### *Facts*

The relevant facts are set forth in the Petition. There was a general election where Petitioner was declared the winner by two votes on November 4, 2014. The Board of Canvass convened on November 6, 2014. The Board of Canvass conducted three recounts on November 6, 2014. After the first recount, the Petitioner's lead increased from two votes to three votes. After the second recount, the Petitioner's lead increased from three to seven votes. After the third recount, Petitioner's opponent had a two vote lead. The Board of Canvass certified the third recount. According to the Petition, a tabulation of the votes on the record shows that the third recount does not account for two votes.

2

*Petition Dismissed*

Generally, "a petition for a writ of certiorari must be filed within the time [thirty days] set for direct appeals."[1] Delaware courts have held that a writ of certiorari filed later than thirty days will be excused only under exceptional circumstances.[2]

The Board of Canvass concluded its duties on November 6, 2014. This Petition was filed almost seven months later (on June 3, 2015), well beyond the thirty-day period. This Court's May 14, 2015 Opinion demonstrates that the Petitioner initially filed an action in the wrong court and sought the wrong remedy, even though the proper course of perfecting a challenge to the Board of Canvass' certification was well-established.[3] The Petitioner's unilateral decision to pursue

---

[1] *In re Bass*, 1992 WL 183105, at *1 (Del. July 23, 1992); *Cape Henlopen School District v. Delaware Interscholastic Athletic Ass'n*, 2009 WL 388944, at *2 (Del. Super. Ct. Jan. 28, 2009) ("'There appears to be no good reason, absent exceptional circumstances, why a party should have more time to ask for the writ of certiorari than he would have to take an appeal . . . in an ordinary case'" (quoting *Elcorta, Inc. v. Summit Aviation, Inc.*, 528 A.2d 1199, 1201 (Del. Super. Ct. 1987))).

[2] *In re Petition of Fridge*, 604 A.2d 417 (Table), 1991 WL 247811, at *1 (Del. Nov. 20, 1991) ("Although there is no statutorily-imposed time period in which to seek review under a writ of certiorari, we have ruled that the time for seeking such review is analogous to the period governing direct appeals" and holding that a petition not filed within thirty days was time barred); *McIntosh v. City of Newark*, 2006 WL 1134894, at *1 (Del. Super. Ct. Mar. 31, 2006) ("The period of time for filing a Petition for a Writ of Certiorari has been set by decisions in this Court at 30 days.").

[3] *Gunn v. McKenna*, 116 A.3d 419, 427 (Del. 2015) ("The election contest statute does not apply to actions by two judges of the Superior Court, sitting as the Board of Canvass, and provided no basis for the subject-matter jurisdiction of a single judge of the Superior Court to act in this purported election contest proceeding.").

3

an improper course of litigation is not an exceptional circumstance that excuses the delay in filing the Petition for a writ of certiorari in this proceeding.

### *Conclusion*

The untimely Petition for a writ of certiorari is dismissed.