# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FMC CORPORATION, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N16A-10-010 AML |
| | ) | |
| SPECIAL SERVICES DEPARTMENT, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: February 23, 2017
Decided: May 31, 2017

## ORDER

### Appellee's Motion to Dismiss for Lack of Subject Matter Jurisdiction: GRANTED, WITH LEAVE TO FILE A PETITION FOR A WRIT OF CERTIORARI

1. The appellant, a business utilizing the county sewer system, seeks appellate review of an order of a county agency. The agency alleges the appellant violated its sewer permit and the county code, causing blockages and overflow in the sewer. After an evidentiary hearing, the hearing officer for the agency ordered the appellant to pay substantial costs and take action to remediate the damage it allegedly caused. The appellant filed a notice of appeal to this Court, citing a provision in the county code authorizing an appeal from a hearing officer's order. The agency, however, argues the appeal must be dismissed for lack of subject matter jurisdiction. The pending motion requires this Court to determine whether

the county code confers jurisdiction on this Court to hear the appeal and, if not, whether the appellant should be permitted to file a petition for a writ of certiorari outside the 30-day time period in which such a petition typically must be filed. I conclude the code does not confer jurisdiction on this Court, but the appellant may seek certiorari review because the compelling circumstances of this case justify extending the 30-day deadline. My reasoning follows.

**BACKGROUND**

2. FMC Corporation owns the FMC Health and Nutrition facility (the "Facility"), a manufacturing plant in Newark, Delaware. The Facility has a permit to discharge wastewater into the New Castle County public sanitary sewer system (the "County Sewer"). According to the New Castle County Code (the "Code"), any permitted user must ensure its discharge will not impair the County Sewer. The appellee, the New Castle County Special Services Department (the "Department"), manages and operates the County Sewer.

3. Between January and April 2016, the Department issued seven Notices of Violation (individually, an "NOV") to FMC for allegedly violating the Code by permitting its wastewater discharge to cause a blockage in the County Sewer. Two of those blockages purportedly caused "significant sewer overflow." A "Show Cause" evidentiary hearing was held before the Department's General Manager (the "Hearing Officer") on April 21, 2016. The record was held open

2

after that hearing for additional investigation and submissions by the parties. The Hearing Officer issued his final order on October 13, 2016 (the "Final Order").[1] In the Final Order, the Hearing Officer found that the Department "had reasonable cause to believe that FMC violated the Code and its permit."[2] The Hearing Officer therefore upheld the seven NOVs and ordered FMC to (1) pay fines and costs in excess of $100,000.00; (2) develop a plan to prevent further obstruction of the County Sewer; and (3) pay all future costs incurred by the Department to monitor, repair, or clear obstructions in the County Sewer related to FMC's operations.[3]

4.     FMC filed its Notice of Appeal of the Final Order on October 27, 2016 (the "Appeal"). Shortly thereafter, FMC filed a motion in this Court to stay enforcement of the Final Order while the Appeal is pending. This Court granted the motion to stay on November 15, 2016. The Department then filed its Motion to Dismiss the Appeal for Lack of Subject Matter Jurisdiction (the "Motion"). The parties fully briefed and argued the Motion.

5.     In the Motion, the Department contends this Court lacks jurisdiction over the Appeal for three reasons: (1) the Delaware Code does not authorize this Court to hear an appeal from a decision of a Department Hearing Officer; (2) although FMC could have filed a petition for a writ of certiorari, it did not do so

---

[1] Appellee's Opening Br. Ex. C.
[2] Id. Ex. C at 1.
[3] Id. Ex. C at 2.

3

and the time to file such a petition now has passed; and (3) even if there was a statutory appeal right, FMC failed to perfect its appeal because it did not name the correct party. FMC resists all three arguments, contending its Appeal is proper because the Code expressly authorizes an appeal from a decision of a Department Hearing Officer and the Department was the proper party to be named in this appeal. FMC also argues that, even if it had no statutory appeal right, the exceptional circumstances of this case support converting the appeal to a petition for certiorari review.

**ANALYSIS**

6. An action must be dismissed under Superior Court Civil Rule 12(b)(1) where it appears from the record that this Court does not have jurisdiction over the claim. The burden of establishing jurisdiction lies with the appellant.[4] Here, there are no disputed factual issues relating to the question of this Court's jurisdiction.

### A. Only the General Assembly may confer statutory jurisdiction on this Court.

7. FMC contends New Castle County (the "County") expressly granted aggrieved parties the right to appeal a decision of the Department to this Court in Section 38.03.004 of the Code. That Section, titled "Means of Appeals," provides, in pertinent part, that "[a]ny person aggrieved by any decision . . . by the General Manager of the Department of Special Services . . . may appeal such decision in

---

[4] *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 n.14 (Del. 2007); *Scattered Corp. v. Chi. Stock Exch.*, 671 A.2d 874, 877 (Del. Ch. 1994).

any manner provided by law."[5] FMC argues the County had the authority to confer appellate jurisdiction on this Court because the General Assembly expressly authorized the County Council to enact ordinances carrying the force of law and further granted the County "broad statutory authority to enact policies and procedures that the General Assembly could have authorized by specific enumeration."[6] Specifically, FMC relies on 9 *Del. C.* § 1101 and a decision issued by the Court of Chancery, *Salem Church (Delaware) Associates v. New Castle County.*[7]

8. Section 1101 provides, pertinently, that the County shall "have all powers which, under the Constitution of this State, it would be competent for the General Assembly to grant by specific enumeration, and which are not denied by statute."[8] That Section is the County's "home rule" statute, under which the General Assembly granted the County authority to address local issues without oversight or specific authorization by the state legislature.[9] In *Salem Church*, the

---

[5] New Castle Cty. C. § 38.03.004(B).

[6] Appellant's Resp. Br. 9 (quoting *Salem Church Assoc. v. New Castle Cty.*, 2006 WL 4782453 (Del. Ch. Oct. 6, 2006)).

[7] 2006 WL 4782453.

[8] 9 *Del. C.* § 1101(a).

[9] *See Salem Church*, 2006 WL 4782453, at *4 n.44 (citing *Schadt v. Latchford*, 843 A.2d 689, 691 (Del. 2004) (quoting *NAACP v. Wilm. Med. Ctr.*, 426 F. Supp. 919, 927 (D. Del. 1977) ("The purpose of the home rule provisions was to enable municipalities to exercise the powers of the sovereign except as limited by either the State Constitution or State statute.")); *Green v. Sussex Cty.*, 668 A.2d 770, 774 (Del. Super. 1995), *aff'd*, 667 A.2d 1319 (Del. 1995) ("[T]he General Assembly has enacted home rule statutes which in many cases override pre-existing, specific statutory grants of power, the purpose of which is to give local governments the flexibility required to discharge their functions.")).

Court of Chancery concluded that the County could create a right to appeal to the County Planning Board from a decision of the Department of Land Use without the General Assembly enacting a statute to that effect. The Court reasoned that "under the State's 'home rule' statutes, the County is given great flexibility to discharge its functions, except as otherwise limited by the State's Constitution or its statutes," and nothing in the Constitution or the Delaware Code prohibited the Planning Board from hearing administrative appeals.[10] The Court therefore held the County had the power to authorize an appeal to the Planning Board through the Code.

9. The Department, on the other hand, argues the Code does not expressly create a right to appeal to this Court, but instead merely authorizes an appeal as permitted by Delaware law. According to the Department, because the General Assembly has not expressly created a right to appeal to the Superior Court from a decision of the Department, FMC's right to obtain review of a Department order is limited to a common law writ of certiorari. The Department further argues that, even if the County intended Section 38.03.004 to create a right to appeal to this Court, the County cannot confer jurisdiction on this Court. The Department cites this Court's decision in *McCusker v. City of Dover*, in which this Court held that a section of the Dover city code purporting to create a right to appeal to the

---

[10] *Salem Church*, 2006 WL 4782453, at *4 n.44 (citations omitted).

6

Superior Court was an *ultra vires* enactment because the city could not confer jurisdiction on the Superior Court.[11]

10. FMC's overarching policy argument – that the County should not be permitted to enact orders without affording an aggrieved party a right to appeal – admittedly is compelling. It also, however, is an overstatement of the issue in this case and fails to persuade for a number of reasons. First, Section 38.03.004 does not create an express right to appeal to this Court, but simply acknowledges the right of an aggrieved party to appeal as permitted by law. Second, even if the County intended that Section to create a right of appeal, such an enactment would be ineffective.

11. Although the County's home rule statute confers broad authority on it, its exercise of that authority may not conflict with the Constitution or the Delaware Code. The Delaware Code provides that this Court "shall have such jurisdiction as the Constitution and the laws of this State confer upon it."[12] Although the County has great flexibility in making decisions, and may enact ordinances at a local level that carry the force of law, the County Code is not a law of this State. As the Court concluded in *McCusker*, neither a local ordinance nor a court rule may confer jurisdiction on the Court.[13] Third, it is unlikely the General Assembly would

---

[11] 1986 WL 13993, at *1 (Del. Super. Nov. 21, 1986).

[12] 10 *Del. C.* § 541.

[13] 1986 WL 13993, at *1. FMC contends *McCusker* wrongly was decided, arguing it is inconsistent with *Salem Church* and ignores the fact that County ordinances carry the force of

permit a locality to expand the jurisdiction of a state court, and even more unlikely the General Assembly would do so with the broad brush of a home rule statute. It is easy to imagine the chaos and significant tax on state resources that might be created were any locality permitted to expand the appellate jurisdiction of this Court, or any other court, without the General Assembly's express authorization. This Court cannot interpret 9 *Del. C.* § 1101 in such an illogical manner.

12. In addition, and contrary to FMC's argument, this conclusion does not afford the County unfettered authority to enter orders without any mechanism of review or oversight. A means of review exists through a common law writ of certiorari. The question, of course, is whether FMC now may pursue a petition for certiorari review when the period to seek such review has passed.

## B. FMC may seek certiorari review because exceptional circumstances justify permitting it to file a petition beyond the 30-day time limit.

13. This Court has jurisdiction to "frame and issue all remedial writs, including writs of habeas corpus and certiorari."[14] Certiorari review is available where a judgment is final and there is no other available basis for review of that judgment.[15] The Department acknowledges that certiorari review typically would

---

law. *McCusker* and *Salem Church* are not inconsistent; the first case stands for the proposition that a municipality may not create a right to appeal to a state court, while the second stands for the proposition that a municipality may create a right to appeal to another municipal agency. In addition, as set forth above, although county ordinances carry the force of law, they are not a state law and therefore cannot confer jurisdiction under 10 *Del. C.* § 541.

[14] 10 *Del. C.* § 562.

[15] *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, 1213 (Del. 2008).

be available to a party seeking review of a Department order. The Department, however, argues FMC is foreclosed from seeking further review of the Final Order because a petition for a writ of certiorari must be filed within 30 days of the date a final order is issued. Here, the Department contends, FMC elected to its peril to pursue a direct appeal under the Code, rather than file a petition for a writ of certiorari.

14. The Department is correct that a petition for a writ of certiorari generally must be filed within the 30-day time period applicable to direct appeals.[16] A late petition will be excused, however, in exceptional circumstances.[17] The Delaware courts have not defined precisely what constitutes an "exceptional circumstance." Such circumstances do not exist where a petitioner "unilaterally pursues an improper course of litigation" when the proper mechanism to perfect an appeal is well established.[18] In contrast, a failure to strictly observe the technical requirements for perfecting certiorari review has been excused where confusion regarding the proper procedure was understandable and where there was no prejudice to the other parties by allowing the action to proceed.[19]

---

[16] *In re Gunn*, 122 A.3d 1292, 1293 (Del. 2015).

[17] *Id.*

[18] *Id.*

[19] *See, e.g. Ganski v. Sussex Cty. Zoning Bd. of Adjustment*, 2001 WL 282887 (Del. Super. Feb. 13, 2001) (holding a petitioner's failure to file a notice of appeal using correct procedure was not a basis to dismiss the action where all parties received notice and none would be substantially prejudiced by allowing the action to proceed); *Elcorta, Inc. v. Summit Aviation, Inc.*, 528 A.2d 1199 (Del. Super. 1987) (holding the failure to meet various procedural prerequisites for

9

15. Here, FMC filed a notice of appeal in a timely manner, providing copies and notice to both the Department and the County. FMC proceeded under Section 38.03.004 of the Code, which at least arguably could be understood to create a right of appeal to this Court. That Section certainly was enough to create a level of uncertainty regarding the proper way to appeal. Without any decision of this Court interpreting Section 38.03.004, FMC found itself between Scylla and Charybdis; whatever avenue it pursued, FMC would be faced with a timeliness argument if a court ultimately determined it was the wrong avenue. FMC's understandable uncertainty as to whether a right of direct appeal existed is excusable, and the Department has not demonstrated any prejudice that would result by allowing FMC to pursue certiorari review. I therefore conclude this case meets the "exceptional circumstances" standard.[20]

Having concluded that FMC does not have a statutory appeal right, I need not reach the Department's argument that FMC failed to perfect that appeal by failing to join an indispensable party.[21] For the foregoing reasons, the

---

certiorari proceedings was not a basis to dismiss the action because the petitioner's delay was excusable under the circumstances, particularly in light of the "uncertainty about the proper practice and procedure in certiorari proceedings").

[20] FMC has suggested I "convert" its pleadings to a petition for a writ of certiorari. In my view, although other decisions of this Court have followed that course, I believe it procedurally would be more proper to dismiss this action subject to FMC's right to file an amended pleading seeking certiorari review.

[21] See Appellee's Reply Br. 17 n. 40 ("If, and only if, the Court holds that the County Council may confer or has conferred appellate jurisdiction on the Superior Court does the Court need to reach whether FMC properly perfected its appeal.").

Department's Motion to Dismiss the Appeal for Lack of Subject Matter Jurisdiction is **GRANTED,** with leave for FMC to file a petition for a writ of certiorari within 20 days of this Order. The November 15, 2016 order staying enforcement of the Final Order **shall** remain in place until further notice.

    **IT IS SO ORDERED.**

_____<br>
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Max B. Walton, Esquire
       Jessica C. Watt, Esquire
       Marlaine A. White, Esquire