# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MIDDLECAP ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N23C-03-181 CEB |
| | ) | |
| THE TOWN OF MIDDLETOWN, a | ) | |
| Municipal corporation of the State of | ) | |
| Delaware, THE TOWN OF | ) | |
| MIDDLETOWN TOWN COUNCIL, | ) | |
| the governing body of the Town of | ) | |
| Middletown, and KENNETH L. | ) | |
| BRANNER, JR., JAMES REYNOLDS, | ) | |
| AARON BLYTHE, JAMES ROYSTON, | ) | |
| DREW CHAS, ROBERT MCGHEE and | ) | |
| ROBERT STOUT, in their individual | ) | |
| and official capacities as Members of the | ) | |
| Town of Middletown Town Council, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted:  May 3, 2023
Decided:  October 16, 2023

## MEMORANDUM OPINION

*Upon Consideration of Defendants' Motion to Dismiss,*
**GRANTED in part and DENIED in part.**

John W. Paradee, Esquire, Brian V. DeMott, Esquire, Baird Mandalas Brockstedt & Federico, LLC, Dover, Delaware. *Attorneys for Plaintiff.*

Scott G. Wilcox, Esquire, Giordano, DelCollo, Werb & Gagne, LLC, Wilmington, Delaware. *Attorney for Defendants*.

**BUTLER, R.J.**

1

This *certiorari* review arises from a denial by the Town of Middletown Town Council (the "Council") of a conditional use permit to construct apartment buildings on land owned by Plaintiff Middlecap Associates, LLC ("Middlecap") in the Town of Middletown, Delaware (the "Town"). At a public hearing on February 7, 2022, the Council voted to deny Middlecap's application. Challenging that vote, Middlecap filed a Verified Petition in the Court of Chancery on March 11, 2022, requesting a declaratory judgment and injunctive relief. The Court of Chancery dismissed Middlecap's Petition. According to the Court of Chancery, it lacked subject matter jurisdiction. That Court did permit the dispute to be transferred to the Superior Court pursuant 10 *Del. C.* § 1902. Middlecap then filed an Election of Transfer in the Court of Chancery and a Verified Complaint in this Court, seeking a writ of *certiorari*.

Before the Court is a Motion to Dismiss the *certiorari* Complaint. Defendants contend that: (1) the claim is time-barred; (2) the claim is barred by Middlecap's failure to exhaust its administrative remedies; and (3) the individual defendants are immune from suit. Upon consideration of the parties' submissions, for the reasons stated herein, the Motion to Dismiss the Complaint is **DENIED** and the Motion to Dismiss the Individual Defendants is **GRANTED**.

**Background and Procedural History**

Middlecap owns approximately 15 acres of land along State Route 299, within the town limits of Middletown. Middlecap wants to build an apartment complex on its land, consisting of 8 apartment buildings with a total of 192 units.

In order to build these units, Middlecap needs a "conditional use permit" from the Town Council. Without giving too much away, Middlecap applied, the Town Council voted no, and Middlecap sought redress in the courts.

Middlecap filed a Verified Petition in Chancery Court, seeking an injunction and a declaratory judgment reversing the Council's decision, asserting that Chancery Court had jurisdiction over the matter pursuant to 10 *Del. C.* § 341, 10 *Del. C.* § 6501-6502, and the Court's "equitable cleanup doctrine." The Town responded with a motion to dismiss in Chancery Court, arguing that Middlecap did not need declaratory relief or an injunction, but had an adequate remedy at law, to wit: a *certiorari* proceeding in the Superior Court. Middlecap, citing a long line of Chancery Court cases taking jurisdiction in conditional use permit disputes,[1] argued that Chancery does indeed have equitable jurisdiction and should keep the dispute there.

---

[1] Petitioner's Ans. Br. in Opposition to Def.'s Motion to Dismiss at 14-15, *Middlecap Associates, LLC v. Town of Middletown*, 2023 WL 2981893 (Del. Ch. Feb. 2, 2023).

On February 2, 2023, the Chancery Court issued two significant decisions. In *Delta Eta v. Mayor & Council of the City of Newark*,[2] the Court ruled that Chancery does not have jurisdiction over conditional use permit litigation where the plaintiff fails to plead adequately that an injunction is needed to prevent future harm since the law presumes government actors will comply with court orders. Further, where a writ of *certiorari* is available, the plaintiff bears the burden of establishing that *certiorari* is an inadequate remedy at law.

In light of the *Delta Eta* ruling, the Court also dismissed Middlecap's action, giving Middlecap the option of transferring its case to Superior Court pursuant to 10 *Del. C.* § 1902.[3] On February 22, 2023, Middlecap filed an Election of Transfer in the Court of Chancery.

Once in Superior Court, Middlecap filed its Complaint, essentially a copy of its Chancery Petition. Middlecap then amended the Complaint before the Town filed an Answer. The amendment specifically invokes this Court's power to issue writs of *certiorari*.[4]

On May 3, 2023, the Town filed a motion to dismiss the Superior Court Amended Complaint. The Town's motion is essentially a copy of its motion in Chancery Court – that is, arguing that the case must be one in *certiorari* – the very

---

[2] 2023 WL 2982180, at *8 (Del. Ch. Feb. 2, 2023).
[3] *Middlecap Associates, LLC,* 2023 WL 2981893, at *1.
[4] 10 *Del. C.* § 142.

4

writ sought by Middlecap in Superior Court.  So, while other arguments concerning the remedy are raised, suffice it to say the parties are in strident agreement on this point: that Superior Court is the proper forum in which to resolve this dispute.

Other arguments are raised that survive the parties' agreement on jurisdiction. Those will be treated in the Court's Analysis.

## STANDARD OF REVIEW

A party may move to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[5]  In considering a Rule 12(b)(6) motion, the Court (1) accepts as true all well-pleaded factual allegations in the complaint; (2) credits vague allegations if they give the opposing party notice of the claim; (3) draws all reasonable factual inferences in favor of the non-movant; and (4) denies dismissal if recovery on the claim is reasonably conceivable.[6]  Dismissal is inappropriate unless "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[7]

---

[5] Super. Ct. Civ. R. 12(b)(6).

[6] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

[7] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.,* 251 A.3d 1016, 1023 (Del. Super. 2021) (internal quotation marks omitted).

Delaware's motion to dismiss standard is "minimal."[8]  It asks "whether there is a possibility of recovery."[9]  The Court, however, need not "accept conclusory allegations unsupported by specific facts or … draw unreasonable inferences in favor of the non-moving party."[10]  The Court may reject "every strained interpretation of the allegations proposed by the plaintiff."[11]

"The complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion …."[12]  The Court may consider matters outside the complaint only if "the document is integral to a plaintiff's claim and incorporated into the complaint[.]"[13]  "[A] claim may be dismissed if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[14]

---

[8] *Cent. Mortg.,* 27 A.3d at 536.

[9] *Garfield v. BlackRock Mortg. Ventures, LLC,* 2019 WL 7168004, at *7 (Del. Ch. Dec. 20, 2019) (citing *id.* at 537 n.13 ("Our governing 'conceivability' standard is more akin to 'possibility,' while the federal 'plausibility' standard falls somewhere beyond mere 'possibility' but short of 'probability.'")).

[10] *Price v. E.I. DuPont de Nemours & Co.,* 26 A.3d 162, 166 (Del. 2011), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.,* 189 A.3d 1255, 1277 (Del. 2018).

[11] *Malpiede v. Townson,* 780 A.2d 1075, 1083 (Del. 2001).

[12] *In re Gen. Motors (Hughes) S'holder Litig.,* 897 A.2d 162, 168 (Del. 2006).

[13] *Windsor I, LLC v. CWCap. Asset Mgmt. LLC,* 238 A.3d 863, 873 (Del. 2020) (internal quotation marks omitted).

[14] *Malpiede*, 780 A.2d at 1083.

## ANALYSIS

There are three arguments raised in support of dismissal requiring the Court's consideration. First, that the claim for a writ is "time barred." Second, that the claim for a writ is barred by the failure of Middlecap to exhaust its administrative remedies. Finally, there is an assertion that the individual defendants have immunity from suit.

### 1. The claim for a writ of certiorari is not time barred.

Unlike statutes of limitation or court rules setting forth time limits that courts view as "jurisdictional," admitting to no exceptions,[15] the timing of a complaint for *certiorari* is subject to considerations beyond the dates on a calendar. While thirty days is "generally" the time within which to seek a writ of *certiorari*, that requirement is not set in stone.[16]

The filing history here is at least relevant, so we will walk through it now. The Council denied the conditional use permit on February 7, 2022. Middlecap filed its Chancery Court Petition seeking an injunction and declaratory judgment 33 days later, on March 11, 2022. Had this been a direct appeal from, say, a Zoning Board

---

[15] *See, e.g., Riggs v. Riggs,* 539 A.2d 163, 164 (Del. 1988) (Failure to file appeal within time mandated by statute and court rule is a "jurisdictional defect" that "may not be excused in the absence of unusual circumstances" not attributable to counsel); *PNC Bank, Delaware v. Hudson*, 687 A.2d 915, 916 (Del. 1997) (Observing "the power of an appellate court to exercise jurisdiction rests upon the perfecting of an appeal with the time period fixed by statute.").

[16] *See In the Matter of Gunn*, 122 A.3d 1292, 1293 (Del. 2015).

of Adjustment, we may well call the appeal 3 days late.[17]  But it was not a direct appeal from a zoning board.

Neither did Middlecap seek *certiorari* – a legal remedy available in Superior Court – in the Court of Chancery.  In March of 2022 when it filed its Verified Petition, Chancery was the undisputed forum for conditional use permit disputes that were headed for resolution by the courts.[18]  In Chancery, the Town did not argue that Middlecap's petition for declaratory judgment and injunction was untimely.  But now that Chancery has agreed with the Town that review must come by way of *certiorari* in Superior Court, the Town would have us go back and examine the filing date in Chancery and deny Middlecap any review at all because Middlecap did not foresee Chancery's ruling on jurisdiction.  The Court disagrees.

## A. The Exceptional Circumstance Standard

As has been said before, "[t]here appears to be no good reason, absent exceptional circumstances, why a party should have more time to ask for the writ of

---

[17] *See, e.g.,* 22 *Del. C.* § 328(a) (30 day appeal period for review of decisions of boards of adjustment).

[18] *See, e.g., Moore v. Gravenor*, 1978 WL 22463 (Del. Ch. Mar. 7, 1978) (setting aside Sussex County Council's grant of a conditional use permit); *Sears v. Levy Court of Kent Cnty.*, 1986 WL 10085, at *1 (Del. Ch. Sept. 15, 1986) (affirming Kent County Levy Court denial of a conditional use permit)*; Green v. Cnty. Council of Sussex Cnty.*, 1994 WL 469167 (Del. Ch. Aug. 11, 1994) (finding the Sussex County Council's grant of a conditional use was invalid); *Coker v. Kent Cnty. Levy Court*, 2008 WL 5451337 (Del. Ch. Dec. 23, 2008) (affirming Kent County Levy Court's denial of a conditional use permit).

*certiorari* than he would have to take an appeal or sue out a writ of error in an ordinary case."[19] The allowance for "exceptional circumstances" requires the Court to consider the reasons for the delay in filing and assess whether the litigant should suffer the "extreme sanction" of dismissal because of the delay.[20] How are we to differentiate the "ordinary case" from one with an "exceptional circumstance?" We can see from the decided cases that ambiguity in procedural rules is a prime area for application of exceptional circumstances.

In *Elcorta, Inc. v. Summit Aviation*,[21] the plaintiff sought review of the execution of a garagemen's lien on an aircraft by the J.P. Court. The law at the time required that review of a J.P. Court decision required that a transcript be filed with the praecipe. The transcript was not ready. The surety was not set, the recognizance did not issue promptly, and the *certiorari* was filed on day 39, nine days late. Despite the errors, the Court found the prejudice minimal, the errors understandable, and the delay an exceptional circumstance.

In *FMC Corporation v. Special Services Department*, the Court held that a Hearing Officer's action was subject to *certiorari* (and not appellate) review. As to the 30-day filing requirement for *certiorari* review, the Court observed that "a failure

---

[19] *Elcorta, Inc. v. Summitt Aviation, Inc.*, 528 A.2d 1199, 1201 (Del. Super. 1987), *citing Eigner v. Geake*, 192 P.2d 310, 310-311 (N.M. 1948).
[20] *Elcorta, Inc.,* 528 A.2d at 1202.
[21] 528 A.2d at 1200.

to strictly observe the technical requirements for perfecting *certiorari* review has been excused where confusion regarding the proper procedure was understandable and where there was no prejudice to the other parties by allowing the action to proceed."[22]

Just a few months ago, Superior Court heard a challenge to a decision by the Kent County Department of Planning Services to approve a minor subdivision.[23] Although that Court ruled that a motion to amend the appeal to assert a claim for *certiorari* related back under Rule 15, the Court also found exceptional circumstances sufficient to warrant a relaxation of the 30-day filing requirement.[24]

Here, as in the cases above, there was no prejudice to the Town, which was an active participant in the Chancery Court dispute. Further, Chancery Court's reversal of its prior views on declaratory judgments and injunctions in conditional use permit litigation was unknown to the parties until announced in a case decided on the same day as this one. The Court therefore has little difficulty finding that the delay in filing for *certiorari* qualifies as an "exceptional circumstance." The Defendant's motion to dismiss the complaint for *certiorari* in this Court as untimely is not well taken.

---

[22] *FMC Corporation v. Special Services Department*, 2017 WL 2378002, at *4 (Del. Super. May 31, 2017).

[23] *Schafer v. Kent County Department of Planning Services*, 2023 WL 3750390, at *1 (Del. Super. May 31, 2023).

[24] *Id.* at *8.

## 2. Middlecap exhausted its administrative remedies.

The Town next argues that Middlecap's "failure to appeal the denial of the conditional use permit to the Town of Middletown Board of Adjustment before seeking review by a court, is fatal to the claim and is a further reason that the Amended Complaint has to be dismissed."[25] This argument proceeds from the premise in the Town's brief that "A party aggrieved by a decision on a conditional use permit can appeal the decision to the Town of Middletown Board of Adjustment."[26] Notably, however, the Board of Adjustment's powers include only the power to authorize variances from the zoning code or "special exceptions" to the Code. The Board of Adjustment's powers do not even mention conditional use permits.

A conditional use permit is:

> "A permit *granted by the Town Council* to allow any of the conditional uses stipulated by this code, provided that the application for permit meets the requirements of the code, the conditions for a conditional use are fulfilled and a duly advertised public hearing is held."[27]

Conditional use permits are treated in the Code in section 10, entitled "Conditional Use Permits."[28] To obtain such a permit, the applicant must request it from the Town Council, which will hold a hearing and decide the matter. The Code

---

[25] Def.'s Br. in Support of Motion to Dismiss 14.
[26] Def.'s Br. in Support of Motion to Dismiss 13.
[27] Middletown, *Del., C.* § 180 – 2(18).
[28] Middletown, *Del., C.* § 180 – 10.

mentions that "Conditional Use Permit Applications are "reviewed" by Planning and Zoning, then Mayor and Council."[29]  There is no review of a conditional use permit by the Board of Adjustment.  There is no prescribed method for appealing a decision of the Town Council, thus giving rise to the right to pursue a writ of *certiorari*, which the Town vigorously asserts is the only avenue of relief.

And yet the Town argues here that Middlecap should have gone to the Board of Adjustment before coming to court, defeating the very *certiorari* jurisdiction the Town believes exists in this Court.[30]  Moreover, the Town argues that the Board of Adjustment, a body appointed by the Mayor and Council, [31] may convene to overrule a decision made by the Mayor and Council.  Nothing in the definition of "conditional use permits" in Section 2, the powers of the Board of Adjustment in Section 8, the process for obtaining a conditional use permit in Section 10, or logic, suggests that this is so.  The Town's argument that Middlecap was required to obtain review of the Town Council's decision by the Board of Adjustment is rejected.

### 3.  The individual council members are immune from suit.

The final issue for determination is the Town's motion to have the Complaint

---

[29] Middletown, *Del., C.* § 180 – 10(A)(2).
[30] *Delta Eta Corp.,* 2023 WL 2982180, at *10; *see In re Petition of Howell*, 2007 WL 1114123, at *1 (Del. Apr. 16, 2007) (A writ of *certiorari* is not available if there is another remedy available).
[31] Middletown, *Del., C.* § 180 – 8(I).

dismissed insofar as it names the Mayor and members of the Council in their individual capacity.

It is quite clear that Middlecap would like the Court to overturn the decision of the Council and feels that one or more members denied its application out of some sense of ill will or public pressure or both. But extending liability to individual Council members in their "individual capacity" requires that the Complaint identify what actions the individual defendants took that was *not* in their official capacity representing their constituents and the Town of Middletown. In this regard, the Complaint is all but silent. While there are some references to the Mayor or Council members making up their minds without considering all the evidence, that Complaint is hardly unique. As the Third Circuit said in *Dotzel v. Ashbridge,*

> "Although the complaint alleges that the Board members acted out of animus and other improper motivations, there is no allegation that any decision was made by any appellant other than in his capacity as a member of the Board, or that any decision was made other than through procedures established by applicable state and local law."[32]

Not only are the allegations insufficient on their face to trigger potential liability for the individual defendants, the Complaint also fails because of the limited nature of the Court's jurisdiction in this matter. A petition for *certiorari* review calls upon the Court to review an action by government actors who are not otherwise

---

[32] *Dotzel v. Ashbridge*, 438 F.3d 320, 324 (3d Cir. 2006).

subject to judicial review.[33] *Certiorari* is not a tort upon which liability can be predicated. Rather, it is a mechanism for review of government actions. No individual defendant has been found personally liable in any administrative, quasi-judicial or other proceeding. Thus, there is no finding against an individual defendant for the Court to review on a writ of *certiorari*.

Moreover, the County and Municipal Tort Claims Act in Delaware immunizes county and municipal employees from claims for damages for any act, legislative, judicial or "quasi-judicial." These are only examples of the broad scope of immunity granted by the Act.[34] There are no allegations of the Complaint that would take the individual defendants outside the broad immunity from individual liability provided by the Tort Claims Act.

Finally, the Court notes that Middlecap suggests in its briefing that it would like to flesh out its suspicion that the individual defendants acted with some malice or other ill motive through discovery. But a *certiorari* proceeding is limited to a review of the record below; there is no provision for pretrial discovery.[35] The

---

[33] *Delta Eta Corp.,* 2023 WL 2982180, at *10 (citing *Dover Historical Soc. v. City of Dover Planning Comm'n,* 838 A.2d 1103, 1106) (Del. 2003) ("The common law writ of certiorari lies to review acts that are judicial or quasi-judicial in nature.") (citations omitted).

[34] 10 *Del. C.* § 4011.

[35] *See, e.g., Delta Eta Corporation,* 2023 WL 2982180, at *15 ("a plaintiff may not obtain discovery in challenging the approval or denial of a special use permit application in this Court. Where a plaintiff challenges a municipality's legislative

allegations of the Complaint do not make out a case for individual liability, and Middlecap is procedurally barred from taking discovery to bolster its claim. For all these reasons, the individual defendants must be dismissed from this lawsuit.

**CONCLUSION**

Betwixt and between their pleadings over the motion to dismiss, the parties also discussed the merits of the decision of the Council. This leaves the Court uncertain whether the parties believe the Court has what it needs to render a decision on that ultimate issue, or if the parties would like another round of briefing, guided by the Court's conclusions herein. The Court would ask the parties to confer regarding whether they want another round of briefing on the merits of the *certiorari* claim, whether the record is sufficiently complete, and advise the Court, preferably with a timetable, for any further briefing on the merits.

In the meantime, the Motion to Dismiss the Complaint is **DENIED** and the Motion to Dismiss the Individual Defendants is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

---

zoning or rezoning decision in this Court, the Court's review is limited to the record, and that plaintiff may not obtain discovery.") (citations omitted).

15