# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROSS HORSEY, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | |
| v. | ) | K23A-05-003 NEP |
| | ) | |
| AMERICAN FINANCE, LLC, | ) | |
| | ) | |
| Respondent/Appellee. | ) | |

Submitted: October 18, 2023
Decided: January 30, 2024

## ORDER

*Upon Respondent/Appellee's Motion to Dismiss*
**GRANTED**

*Upon Respondent/Appellee's Motion to Quash Writ of Certiorari*
**GRANTED**

## I.    INTRODUCTION

**1.**    On January 19, 2023, the Justice of the Peace Court (the "JP Court") granted a scire facias motion to review a judgment in favor of Respondent/Appellee American Finance, LLC ("American Finance"), reviving a judgment against Respondent/Appellant Ross Horsey ("Mr. Horsey").[1]  The JP Court found that Mr. Horsey "could provide no valid defense as to why the judgment should not be revived."[2]

---

[1] Def.'s Mot. to Dismiss [hereinafter "Mot. to Dismiss"] ¶ 2 (D.I. 23).
[2] Pet. for Writ of Cert. (D.I. 1) Ex. F, at 2 (Del. J.P. Order).

**2.** On May 12, 2023, Mr. Horsey filed a petition for writ of certiorari as well as a notice of appeal in this Court.[3] On August 21, 2023, he filed his opening brief.[4]

**3.** On September 25, 2023, American Finance filed both a motion to dismiss and a motion to quash.[5]

**4.** In its motion to dismiss, American Finance argues that an appeal of any final order, ruling, decision, or judgment of the JP Court must be filed within 15 days with the Court of Common Pleas (the "CCP").[6] Therefore, this Court has no jurisdiction.[7]

**5.** In its motion to quash, American Finance first argues that Mr. Horsey submitted his writ of certiorari nearly four months after it was supposed to be filed and that he offers no reason for his failure to file it within the allotted timeframe.[8] Second, it argues that, pursuant to Superior Court Rule 19, Mr. Horsey failed to include an indispensable party, that is, either the J.P. Court or the magistrate who rendered the decision, and that that failure is fatal to his claim.[9] Third, it argues that Mr. Horsey seeks reconsideration of the merits of the motion and the underlying default, which can be done only in the context of a timely appeal.[10]

**6.** On October 5, 2023, Mr. Horsey filed a reply brief.[11]

**7.** On October 18, 2023, Mr. Horsey filed a response in opposition to American Finance's motion to dismiss and motion to quash.[12]

---

[3] D.I. 1, 4.
[4] Opening Br. (D.I 16).
[5] Mot. to Dismiss; Mot. to Quash (D.I. 24).
[6] Mot. to Dismiss ¶ 4.
[7] *Id.* ¶ 5.
[8] Mot. to Quash ¶ 2.
[9] *Id.* ¶¶ 3–4.
[10] *Id.* ¶ 5.
[11] Reply Br. (D.I. 27).
[12] Appellant's Opp'n to Mot. to Quash and Mot. to Dismiss [hereinafter "Appellant's Opp'n"]

## II.   APPLICABLE LEGAL STANDARDS

**8.**     Pursuant to 10 *Del. C.* § 9571(a), "[f]rom any final order, ruling, decision or judgment of the [JP] Court in a civil action there shall be the right of appeal to the [CCP] of the State in the county in which said order, ruling, decision or judgment was rendered."[13]  Further, pursuant to Section 9571(b), the "appeal shall be taken within 15 days of the final order, ruling, decision or judgment."[14]

**9.**     Article IV, Section 7 of the Delaware Constitution gives this Court "original and exclusive jurisdiction among trial courts … to issue common law writs of *certiorari* [sic]."[15]  Title 10 *Del. C.* § 9571 does not govern writs of certiorari.[16]  Instead, certiorari "is a common law form of appellate review," and certiorari and appeals "are cumulative and fundamentally different remedies."[17]  A writ of certiorari is neither a substitute for, nor a functional equivalent of, an appeal.[18]

**10.**     Under Delaware law, a writ of certiorari must be filed within thirty days in this Court, absent exceptional circumstances.[19]  Whether to grant a writ of certiorari is discretionary, but timeliness is a factor to consider.[20]  Although

---

(D.I. 31).

[13] 10 *Del. C.* § 9571(a).

[14] *Id.* § 9571(b).

[15] *Citizens Against Solar Pollution v. Kent Cnty.*, 2023 WL 6884688, at *5 (Del. Super. Oct. 17, 2023) (citations omitted).

[16] *Elcorta, Inc. v. Summit Aviation, Inc.*, 528 A.2d 1199, 1200 (Del. Super. 1987).

[17] *Id. See also id.* ("Certiorari reviews the record, whereas an appeal is de novo." (citation omitted)).

[18] *Citizens Against Solar Pollution*, 2023 WL 6884688, at *5 (citations omitted).

[19] *Matter of Gunn*, 122 A.3d 1292, 1293 n.2 (Del. 2015) (citing cases that find thirty days is the time established to file writ of certiorari); *see also In re Downes*, 571 A.2d 786, 1989 WL 160434, at *2 (Del. Dec. 12, 1989) (TABLE) ("Although there is no statutorily-imposed time period in which to seek review under a writ of certiorari, the Superior Court has ruled that the time for seeking such a review should be analogous to the period governing direct appeals." (citation omitted)); *Citizens Against Solar Pollution*, 2023 WL 6884688, at *4 ("Defendants strategically move to dismiss the claim for *certiorari* [sic] review as time-barred under well-settled law that such writs must be filed within thirty days of the decision sought to be reviewed, absent exceptional circumstances."); *id.* at *5 nn.74–75 (collecting cases).

[20] *Elcorta*, 528 A.2d at 1200–01; *see also id.* at 1201 ("Since the 30-day filing period is being

3

"exceptional circumstances" has yet to be precisely defined by the Delaware courts,[21] the Delaware Supreme Court has explained that an appellant's "unilateral decision to pursue an improper course of litigation is not an exceptional circumstance that excuses the delay in filing the Petition for a writ of certiorari."[22] A writ of certiorari is not an appropriate vehicle to review the merits of the underlying case.[23]

**11.** Pursuant to Superior Court Civil Rule 12(b)(7), the Court may dismiss a claim for failing to join a necessary party pursuant to Superior Court Rule 19.[24] A party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ([i]) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[25]

---

adopted in exercise of Superior Court's common law power to regulate certiorari proceedings, it is not jurisdictional but is subject to the discretionary power of the court to excuse defaults in appropriate circumstances." (citing Super. Ct. Civ. R. 6(b))).

[21] *See FMC Corp. v. Special Servs. Dep't*, 2017 WL 2378002, at *4 (Del. Super. May 31, 2017). In *FMC*, this Court found that the petitioner did not have a statutory appeal right and, therefore, exercised its discretion to find exceptional circumstances. *Id.* Here, however, Mr. Horsey did have such an appeal right but failed to execute it. *Cf. id.* at n.19 (noting that in *Elcorta* "the failure to meet various procedural prerequisites for certiorari proceedings was not a basis to dismiss the action because the petitioner's delay was excusable under the circumstances, particularly in light of the uncertainty about the proper practice and procedure in certiorari proceedings.").

[22] *Matter of Gunn*, 122 A.3d at 1293.

[23] *See Citizens Against Solar Pollution*, 2023 WL 6884688, at *8 n.104 (explaining that seeking review of the merits via certiorari exceeds the writ's intended scope) (citation omitted).

[24] *Fedirko v. G&G Constr., Inc.*, 2007 WL 1784184, at *2 (Del. Super. May 18, 2007) (citing *Graham v. State Farm Mut. Ins. Co.*, 2006 WL 1600949, at *1 (Del. Super. June 12, 2006)).

[25] *Id.* & n.5 (tracking Federal Rule of Civil Procedure 19(a) word for word).

4

**12.** If the party is necessary, then it must be joined if feasible.[26] It is not feasible to join a party in a situation in which that party is not subject to service of process and joining it would deprive this Court of subject matter jurisdiction.[27] If the party is necessary, but joinder is not feasible, then the Court must look at whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable."[28]

**13.** For this determination, the Court looks at four factors:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.[29]

## III.  ANALYSIS

**14.** For the following reasons, the Court grants both of American Finance's motions.  The Court addresses each in turn.

**15.** As to American Finance's motion to dismiss, the Superior Court does not have jurisdiction over Mr. Horsey's appeal for two reasons.  First, pursuant to 10 *Del. C.* § 9571(a), appeals from the JP Court must go to the CCP, not this Court.[30] Second, pursuant to 10 *Del. C.* § 9571(b), appeals from the JP Court to the CCP must be filed within 15 days.[31]

**16.** Mr. Horsey's appeal was filed well outside of the 15 days required by statute.  Final judgment came from the JP Court on January 19, 2023.  Mr. Horsey

---

[26] *Id.*
[27] *Id.*
[28] *Id.* (quoting Super. Ct. Civ. R. 19(b)).
[29] *Id.* at *2–3 (citing Super. Ct. Civ. R. 19(b)).
[30] 10 *Del. C.* § 9571(a).
[31] *Id.* § 9571(b).

5

filed his appeal in this Court on May 12, 2023.  If the appeal had been filed with this Court within 15 days, then this Court could have transferred it to the CCP pursuant to 10 *Del. C.* § 1902, which allows transfer of a matter filed in the wrong court provided that the matter has been timely filed.[32]  Mr. Horsey's appeal, however, was untimely, and this Court lacks jurisdiction to transfer it.

17.    As to American Finance's motion to quash, Mr. Horsey argues that Federal Rule of Civil Procedure 60 is applicable, and that it allows for one year to file a writ of certiorari.[33]  This argument is unavailing.  Delaware, not federal, law applies in this case, and the Federal Rules of Civil Procedure are therefore inapplicable.  As previously explained, it is well settled in Delaware that the time to file a writ of certiorari is thirty days absent exceptional circumstances.[34]

18.    Here, the JP Court's final judgment was on January 19, 2023.  The deadline to file a writ of certiorari in this Court, absent exceptional circumstances, was February 20, 2023.  Instead, Mr. Horsey filed his Petition for Writ of Certiorari on May 12, 2023, approximately 81 days late.

19.    Furthermore, no exceptional circumstances justifying Mr. Horsey's late filing have been demonstrated to the Court.  Mr. Horsey contends that there is "a plethora of evidence" from the January 19, 2023,  hearing, and that he discovered "even more from March to current day."[35]  Mr. Horsey fails to explain, however, why the alleged discovery of "even more" evidence from March onward prevented

---

[32] 10 *Del. C.* § 1902 ("For the purpose … of any **statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court**." (emphasis supplied)).

[33] Appellant's Opp'n at 4–5 (citing FED. R. CIV. P. 60(c)(1)).

[34] *Citizens Against Solar Pollution*, 2023 WL 6884688, at *4–5; *Matter of Gunn*, 122 A.3d at 1293 & n.2. *See also Elcorta*, 528 A.2d at 1201 ("[t]here appears to be no good reason, absent exceptional circumstances, why a party should have more time to ask for the writ of certiorari than he would have to take an appeal or sue out a writ of error in an ordinary case." (alteration in original) (quoting *Eigner v. Geake*, 192 P.2d 310, 310–11 (N.M. 1948))).

[35] *See* Appellant's Opp'n at 2; *see also* Reply Br. at 3–4.

him from filing the writ within 30 days, given the alleged "plethora of evidence" from the January 19 hearing.[36] The Court will not exercise its discretion to find exceptional circumstances when none have been presented. Mr. Horsey's unilateral decision to pursue an improper course of litigation is not such an exceptional circumstance. Thus, Mr. Horsey's petition for writ of certiorari is untimely and, as a result, this Court lacks jurisdiction.[37]

Wherefore, for the foregoing reasons, **IT IS HEREBY ORDERED** that American Finance, LLC's Motion to Dismiss is **GRANTED**;

**IT IS FURTHER ORDERED** that American Finance, LLC's Motion to Quash Writ of Certiorari is **GRANTED**.

Therefore, Mr. Horsey's appeal and his petition for writ of certiorari are both **DISMISSED**.

Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress and U.S. Mail*
oc:     Prothonotary
cc:     Ross Horsey, *Pro Se – Via U.S. Mail*
        Counsel of Record – *Via File & ServeXpress*

---

[36] *See* Appellant's Opp'n at 1–4; *see also* Reply Br. at 3–4. *See also In re Downes*, 1989 WL 160434, at *2 (explaining that the Court could excuse a modest delay under its discretionary authority, but it could not excuse a significant delay).

[37] American Finance has also moved to quash the writ for failure to include an indispensable party and because Mr. Horsey seeks review of the merits. Mot. to Quash ¶¶ 3–5. In light of the Court's decision regarding the untimely filing of the writ, it need not reach these issues. *See Schlosser & Dennis, LLC v. City of Newark Bd. of Adjustment*, 2016 WL 2766119, at *6 n.31 (Del. Super. May 9, 2016); *see also id.* at *5 n.18 (citing *Thompson v. Lynch*, 990 A.2d 432, 434 (Del. 2010) ("If a court lacks subject matter jurisdiction, its decision is a nullity." (citations omitted))).

7